City of Laurel et al. *v.* Henry H. Rowell et al.

84    435
88    487

84    435
d92    651

84    435
f95    600

1. **Municipalities.**   *Code* 1892, § 2945.   *Closing streets.*   *Compensation.*   *Abutting property owners.*

   Code 1892, § 2945, empowering municipalities to close and vacate streets, does not dispense with the necessity of compensating abutting property owners.

2. **Same.**   *Constitutional law.*   *Private property.*   *Public use.*   *Constitution* 1890, *sec.* 17.

   Where a municipality closes and vacates an established street it deprives the owners of abutting lots of a right, which is property, and which cannot be taken except on due compensation being first made, under Constitution 1890, sec. 17, regulating the taking of private property for public use.

From the chancery court of Jones county.

Hon. Stone Deavours, Chancellor.

Rowell and another, appellees, were complainants, and the city of Laurel and the Laurel Improvement Company, a corporation, appellants, were defendants in the court below. From a decree in complainants' favor the defendants appealed to the supreme court.

Post street in the city of Laurel, Mississippi, is a narrow street running east and west, about 200 feet long, connecting East and Pine streets. The Laurel Improvement Company owns all the land abutting on the street on the north side, and appellees own all the land abutting it on the south side, and have erected a hotel and other houses thereon. On the 7th day of September, 1903, the board of mayor and aldermen passed an ordinance vacating and closing Post street, and the Laurel Improvement Company, claiming to own the land vacated, built a fence across each end of it, and erected some buildings in it; whereupon appellees filed their bill in this case against the city of Laurel and the Laurel Improvement Company, setting up these facts, and averring that when they bought their property and improved it said street was open to travel; that the city of Laurel had worked it for more than ten years; that it was laid down on the map of the city of Laurel as a street; that it had been used and recognized by the city of Laurel and the public as one of the streets of said city for more than ten years. The prayer of the bill was that the city of Laurel and the Laurel Improvement Company be enjoined from further meddling with the rights of complainants, and commanded to reopen and reëstablish the said street, and that the Laurel Improvement Company be required to remove all obstructions placed by it in said street. The defendants filed separate answers, denying generally the right of complainants to the relief sought, and denying that they were deprived of access to their property by the closing of said street. The city of Laurel counted upon Code 1892, § 2945, as authorizing the passage of the ordinance. Affidavits were taken on a motion to dissolve the injunction. The motion to dissolve the injunction was overruled, and defendants were granted an appeal to the supreme court to settle the principles involved in the case.

*Mayes & Longstreet,* and *J. M. Jayne, Jr.,* for appellants.

It is expressly admitted in the brief of opposite counsel that the city of Laurel is working under the code, and sec. 2945 ex-

pressly provides that municipalities shall have the power to close and vacate any street or alley or any portion thereof.

The further objection is made that this ordinance is void and forms the ground for an injunction, because it was made without condemnation proceedings and without compensation to the complainants.

In this connection the court will note that the complainants are not deprived of access to their property. The vacation of Post street still leaves them their front on East Front street and their front on Pine street and a ten-foot alleyway on the old Post street front. As to the point involved, see 15 Am. & Eng. Ency. Law, 402, and cases cited therein; *Gerhard* v. *Sekonk Commrs.*, 15 R. I., 334; *Clark* v. *Providence*, 16 R. I., 337; *Levee District* v. *Farmer*, 101 Cal., 178; *Bradbury* v. *Walton*, 94 Ky., 167.

It seems to be clear that the vacation of a street under the ordinary frame of constitution, which provides that private property shall not be taken for a public use without compensation first made, does not entitle the abutting proprietors to compensation; since by the vacation no property of the abutting proprietor is taken, such proprietor not having any such special property in the street as a street as falls within the protection of the constitutional principle.

That this is a correct legal proposition is furthermore recognized in our own case of *Vicksburg* v. *Herman*, 72 Miss., 211.

Is this rule altered by the fact that our constitution of 1890 is made broader, and provides that private property shall not be damaged for a public use without compensation first made? As decided in the Vicksburg case above, the word "damaged" was introduced into this provision in order to cover consequential damages inflicted upon abutting property where no part of that property was itself taken in the ordinary sense of this word. That provision was construed and applied in the Vicksburg case, 72 Miss., 211. But the effect of the term as implied

in our constitution and as construed and applied in that case, is not to alter the rule declared above; it does not invest the abutting proprietor with a property right in the street as a street. The effect is quite different; it is to render the condemning corporation, whether a business or municipal corporation, liable for consequential damages to property which is not taken. The constitution by its very terms makes a difference between the taking of property and the damaging of property. But even our broad and liberal constitutional provision does not reach this case. It does not reach it for the reason that the vacation of a street is not the taking or damaging of property lying adjacent thereto, for a public use.

Whatever may be the effect and meaning of the constitutional provision otherwise, it only applies in those instances where what is done is done for the use of the public. The condemnation of land whereon to establish a street is a taking of it for the public use, because the object of its taking is that the public shall use it as a street. So in the Vicksburg case, the altering of the grade of the street, as was there done, was a taking for a public use, because the street as altered continued to be used by the public and the alteration of the street was for the public's more convenient continued use.

But the vacation of a street is the cessation of public use. The very fact imports an abandonment of its use by the public. The cessation merely of the public use of property is not such a thing as gives the right of the constitutional protection.

This injunction should have been dissolved because it was mandatory and was improvidently issued. It should not issue until the case has been fully presented. *Gulf Coast Co.* v. *Bowers,* 80 Miss., 570.

*J. P. Thornton,* and *T. H. Oden,* for appellees.

In order to fully appreciate the controlling powers of a city over its streets, alleys, and highways, we must observe who are

interested in them, and what interest the city and others have in them. This subject has already been fully and ably discussed by this court, in *Meridian* v. *Telegraph Co.,* 72 Miss., 910, and *Theobold* v. *L., N. O. & T. Ry. Co.,* 66 Miss., 279; and in the latter case, at page 287, the court says: "The laying out of a public street creates two coextensive rights, one belonging to the public to use and improve the street, for the ordinary purposes of a street, . . . . the other to the abutting owner to have access to and from his property over the street, and to make such use of the street as is customary and reasonable. Both are valuable, and the one is as inviolable as the other." Whether the abutting owner has simply an easement in the street, while the fee is in the public or in some other owner, or whether he has both the fee and an easement, he is equally entitled to require that nothing shall be done in derogation of his rights. 1 Hare on Const. Law, 370, 375; Lewis on Eminent Domain, secs. 114, 115; *Barney* v. *Keokuk,* 94 U. S., 324; *R. R. Co.* v. *Schurmer,* 7 Wall., 272; *Stry* v. *N. Y. El. R. R. Co.,* 91 N. Y., 123; 1 Rorer on Railroads, 524; *Haynes* v. *Thomas,* 7 Ind., 38; *Anderson* v. *Turbeville,* 6 Coldw., 150; *S. C. R. R. Co.* v. *Steiner,* 44 Ga., 546; *Crawford* v. *The Village of Delaware,* 7 Ohio, 460.

And in *Lahr* v. *Met. El. R. R. Co.,* 104 N. Y., 268, the court says: "If the rights of the abutting owner may be taken from him without his consent or without compensation, a system has been inaugurated which resembles more nearly legalized robbery than any other form of acquiring property."

So we are forced to conclude that if the city of Laurel wishes to close one of its streets, or appropriate it to any other purpose than its ordinary use as a street, it must first do one of two things—obtain the consent of the abutting owners, or exercise the right of eminent domain, and pay the damages. The following authorities very thoroughly discuss this question, and in substance hold that this is the law: *Vicksburg* v. *Herman,* 72

Miss., 211; *R. R. Co.* v. *Bloom,* 71 Miss:, 247; *Stowers* v. *Postal Tel. Co.,* 68 Miss., 559; Constitution of 1890, sec. 17, art. 3, and annotations there given; *Bannon* v. *Rohmeiser,* 90 Ky., 48 (29 Am. St. Rep., 355, and cases there cited); *Lindsey* v. *The City of Omaha,* 30 Neb., 512 (27 Am. St. Rep., 415, and cases there cited); *City of Buffalo* v. *Pratt,* 131 N. Y., 293 (64 Am. St. Rep., 592, and cases there cited); *State* v. *Murphy,* 134 Mo., 548 (56 Am. St. Rep., 515); *City Council of Montgomery* v. *Parker,* 114 Ala., 118 (62 Am. St. Rep., 95); *Haynes* v. *Thomas,* 7 Ind., 38; *Crawford* v. *The Village of Delaware,* 7 Ohio, 460; *B. & M. R. R. Co.* v. *Reinhackle,* 15 Neb., 279.

Argued orally by *T. H. Oden,* for the appellees.

CALHOON, J., delivered the opinion of the court.

When people build on the side of, and with reference to, a public street, they acquire an easement in its free user by them and the public and in the resultant value of such user. This is property, and cannot be taken from them or damaged by closing the street, except upon compensation first paid. The closing of the street is a taking of the easement for the public use in the purview of our constitution. If this be not true, three out of five of a municipal board, as in this case, may work ruin at will on property holders. Moreover, we think this record shows that the closing of Post street was in order to put appellant corporation in possession of it, and this is *ultra vires* and intolerable. *Smith* v. *McDowell,* 148 Ill., 51 (35 N. E., 141; 22 L. R. A., 393; 1 Am. & Eng. Ency. Law, 225--226); *Moose* v. *Carson,* 7 L. R. A., 548, and notes; Elliott, Roads and Streets, sec. 877; 2 Smith, Mun. Corp., sec. 1215. Three out of five of a municipal board cannot, nor can the whole board, do what, very clearly, the Legislature itself, the only fountain of its authority, is powerless to do. The tendency of these boards throughout the country is to usurp pow-

ers not given them.    Countless oppressions of private citizens, too poor, too ignorant, or too humble to excite attention or enlist the advocacy of the influential, never see the sunlight of the courts of law.    Many schemes which are hatched in "the perfumed chambers of the great" are feathered and winged in these councils, to the injury of the lowly and the poor. They must be held in with a tight rein at the bar of the people sitting in the persons of their judges in their solemn tribunals of justice.    All the citizens of a town have the right to have their public thoroughfares, streets, or alleys, whether acquired by dedication or user, kept open for their own use and the use of visiting strangers who come for commerce or social intercourse.    They should never be closed except when plainly for the public good, and cannot then be closed except upon compensation first paid for any damage to abutting proprietors. It is of no avail, in the case before us, to talk of the consent of one of the two co-owners that the closure might be made if a ten-foot alley were left.    The ordinance leaves no alley, but is that Post street be closed, and, on this record, the ordinance would be void if it had left the alley.

*The chancellor was right in refusing to dissolve the injunction.    This being on appeal to settle the principles of the case, we affirm at appellants' costs in this court, and remand for further proceedings.*