GOLDSTEIN *v.* BOARD OF LEVEE COM'RS.

(Division A. April 4, 1932.)

[140 So. 721. No. 29955.]

Percy, Strauss & Kellner, of Greenville, for appellant.

H. P. Farish, of Greenville, for appellee.

Cook, J., delivered the opinion of the court.

Before the levee damage commissioners of Washington county, the appellant, E. N. Goldstein, filed her claim for damages to certain business property in the city of Greenville, Miss., which she alleged had resulted from the enlargement of the Mississippi river levee adjacent to said property. The levee damage commissioners refused to award her any damages, and the appellant, thereupon. appealed to the chancery court where the cause was tried before a jury and resulted in a verdict and judgment in favor of the levee commissioners, and, from that judgment, this appeal was prosecuted.

The proof shows that the appellant owns four brick store buildings fronting one hundred and five-tenths feet on Washington avenue near where Walnut street intersects Washington avenue, a vacant lot at the rear of the store buildings fronting fourteen and eight-tenths feet on Walnut street, and a private driveway fronting eighteen feet on Walnut street, which is the only entrance to the rear of the four store buildings and vacant lot.

Prior to the enlargement of the levee, Walnut street was sixty-six feet wide and extended five blocks north from Washington avenue, and there were residences on these five blocks, and, after the enlargement, concrete posts were placed across Walnut street at the north line of the appellant's property, and the street was closed from that point northward and the residences thereon were removed. After the enlargement, the levee occupied about fifty feet of what was formerly Walnut street directly in front of the appellant's driveway and lot, and ran diagonally across the street to the point where it entered Washington avenue, at which point the levee occupied fifteen feet of what was formerly Walnut street. The levee commissioners scooped out and graveled what was left of Walnut street from Washington avenue to the north line of the appellant's property, for the purpose of draining water into a drainage ditch north of her property.

In view of the conclusion we have reached in this case it will be unnecessary to here set forth the evidence offered by the appellant to establish damages resulting to her property on account of the enlargement of the levee.

As was said in the case of Theobold v. L., N. O. & T. R. R. Co., 66 Miss. 279, 6 So. 230, 231, 4 L. R. A. 735, 14 Am. St. Rep. 564: "The abutting owner has special interests and rights in a public street, which are valuable and indispensable to the proper and beneficial enjoyment of his property. His right to use the street as a street is as

much property as the street itself,'' and this property right can neither be taken or damaged for public use without compensation to the owner thereof.

While the proof shows that it was possible to pass over that portion of Walnut street which was not taken up by the extension or enlargement of the levee, and which was scooped out and graveled so as to preserve the drainage along the street, still, it also shows, without conflict, that the street was closed at the north line of the appellant's property, and that ingress to and egress from her buildings was seriously interferred with, and the use of the street by the public for traveling and parking purposes was practically destroyed, and this constituted a taking of and damage to the property rights of the appellant which entitled her to compensation therefor. Laurel v. Rowell, 84 Miss. 435, 36 So. 543, and Funderbunk v. Mayor and Aldermen, 117 Miss. 173, 78 So. 1. There being no conflict in the evidence upon the points last above stated, the court should have granted the appellant's request for an instruction to the jury to find for her and assess her damages; consequently, the judgment of the court below must be reversed.

The appellant further contends that, in the event of a reversal on account of the refusal of the peremptory instruction requested by her, a judgment should be entered in this court assessing her damages at twenty-five per cent of the market value of the property at the time of the enlargement of the levee. The contention of the appellant upon this point is that, since there was testimony to the effect that the market value of the property was damaged twenty-five to thirty per cent by the enlargement of the levee, and there was nothing to contradict this testimony other than what the jurors may have learned through a view of the premises, this testimony as to the damages to her property must be accepted as conclusive by this court; since, under the rule announced in the case of Kress & Co. v. Sharp, 156 Miss. 693, 126 So.

650, 68 A. L. R. 167, what the jurors learn through a view cannot be considered by this court unless it is supported by substantial testimony delivered by sworn witnesses.

Without expressing any opinion as to the applicability of the appellant's argument, we do not think the evidence bearing on the question of damages warrants this court in attempting to fix the amount of her damages. It seems apparent that the witnesses attempted to fix the amount of depreciation in value partly upon the damages resulting from the enlargement of the levee, and partly upon the depreciation in rental and market value resulting from the prevailing general business depression; and we think the cause should be remanded for the assessment of damages by the jury upon evidence properly limited to damages resulting from an invasion of the appellant's property rights.

Reversed and remanded.