944 So.2d 67 (2006)
MILL CREEK PROPERTIES, INC. and By-Pass Properties, LLC f/k/a PS-BS, LLC, Appellants
v.
CITY OF COLUMBIA, Mississippi, Appellee.
No. 2004-CA-02299-COA.
Court of Appeals of Mississippi.
February 7, 2006.
Rehearing Denied September 26, 2006.
Certiorari Denied December 14, 2006.
*68 Candance L. Rickman, William E. Andrews, III, Purvis, attorneys for appellants.
William C. Callender, Columbia, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. Mill Creek Properties, Inc. ("Mill Creek") and Bypass Properties, LLC ("Bypass") appeal an order of the Marion County Circuit Court that affirmed the City of Columbia's decision to close a portion of Columbia-Purvis Road. Mill Creek and Bypass assign two errors, (1) whether the court was clearly erroneous in upholding the road closing, and (2) whether the lower court erred in holding they were not *69 entitled to compensation. We find no error and affirm.

FACTS
¶ 2. For many years, Columbia-Purvis Road was one of two main streets into and out of the City of Columbia. It connects Highway 98 to Broad Street, which leads to downtown. Columbia-Purvis Road consists of residences, property owned by the Griner family, Mill Creek's strip mall, Jack's Restaurant, and a convenience store. Bypass owns the restaurant and convenience store.
¶ 3. The Griner family sold some of their property to Wal-Mart. The parcel sold did not have access to Columbia-Purvis Road. At the request of the developer, the city extended a road through the Wal-Mart property and the Griners' property. The city also closed off Columbia-Purvis Road at the Broad Street intersection on May 8, 2003. This action rerouted the previous Columbia-Purvis traffic onto the new Wal-Mart road, named Sumrall Road. Walter Payton Drive was also constructed in order to give access from Sumrall Road to Columbia-Purvis Road.
¶ 4. In January of 2004, the Marion County Circuit Court ordered the city to reopen Columbia-Purvis Road and give notice and a hearing to Mill Creek and Bypass. If necessary, the city was to compensate them. After this decision, the city erected a sign to close off the portion of Columbia-Purvis Road which did not include Mill Creek and Bypass's properties.
¶ 5. The city did not reopen the road. Instead, it held a hearing on March 15, 2004, and the Board of Aldermen reaffirmed the road closing. The Board determined that Mill Creek and Bypass were not entitled to compensation, because their properties no longer abutted the closed portion of the road. On appeal of the Board of Aldermen's action, the circuit court affirmed.

STANDARD OF REVIEW
¶ 6. When this Court reviews a decision by a circuit court concerning an agency action, it applies the same standard of review that the lower courts are bound to follow. Miss. Sierra Club v. Miss. Dep't of Envtl. Quality, 819 So.2d 515, 519(¶ 15) (Miss.2002). We will entertain the appeal to determine whether the order of the administrative agency: (1) was unsupported by substantial evidence; (2) was arbitrary or capricious; (3) was beyond the power of the administrative agency to make; or (4) violated some statutory or constitutional right of the complaining party. Id.

ANALYSIS
I. Was the closing of Columbia-Purvis Road for the public good?
¶ 7. Mill Creek and Bypass argue that the road closing was not proper, because the Board of Aldermen never determined the closing to be in the public interest and was solely motivated to promote the private interests of Wal-Mart and the Griners. They argue further that the Board predetermined its course of action, prior to the hearing. The city argues that the road closing does not affect Mill Creek and Bypass. Their property does not abut the closed portion of the road, and their property still has adequate access via the new access road, Walter Payton Drive.
¶ 8. Before a municipality may close a public road, it must (1) find the closing is for the public good and (2) compensate abutting landowners for any damages. Miss.Code. Ann. § 21-37-7 (Rev. 2001); Laurel Improvement Co. v. Rowell, 84 Miss. 435, 435, 36 So. 543, 544 (1904). However, a city may not close a road just *70 to benefit a private party. Laurel Improvement, 84 Miss. at 435, 36 So. at 543.
¶ 9. For example, Laurel Improvement Company v. Rowell involved the closing of Post Street by the City of Laurel. Id., 36 So. at 543. The street was closed between East and Pine Streets. Id., 36 So. at 543. Laurel Improvement Company owned the land abutting the north side of the street. Id., 36 So. at 543. H. and R.E. Rowell owned the land abutting the south side of the street. Id., 36 So. at 543. The city not only closed the road, but gave it to Laurel Improvement, to the exclusion of all others. Id., 36 So. at 543. Laurel Improvement then built a fence around the road and erected buildings on it. Id., 36 So. at 543. Moreover, the court found the only reason the street was closed was in order to give it to Laurel Improvement. Id., 36 So. at 543. The court held this action was outside the city's powers and was intolerable. Id., 36 So. at 543. Public roads should never be closed except when it is for the public good and the government compensates the abutting landowners. Id., 36 So. at 544.
¶ 10. We apply the Laurel Improvement Company rule to this case. The Board's resolution to approve the road closing found it was for the benefit of the public. Specifically, the Board determined that "the intersection of [Broad Street] and the Columbia-Purvis Road . . . impedes the orderly flow of vehicular traffic and constitutes a danger to the safety of the traveling public." Thus, this Court must review the city's finding for substantial evidence.
¶ 11. The city points to the affidavit of Darrell Broome, of the Mississippi Department of Transportation (MDOT), and the testimony of Jeff Dungan, the Griners' engineer. Broome's affidavit stated the intersection did not conform to MDOT standards for street angles and sight distance. He also stated these concerns were expressed to the city prior to the road closing. Dungan testified about how the Broad Street and Columbia-Purvis intersection did not conform with MDOT standards for street angles. He noted the MDOT design standards are designed to enhance safety and traffic flow.
¶ 12. Indeed, there was substantial evidence to support the city's finding that Columbia-Purvis Road needed to be closed for safety and traffic reasons. We affirm the circuit court on this point. The question remains whether the city was required to compensate Mill Creek and Bypass before it closed the road.
II. Are Mill Creek and Bypass entitled to compensation?
¶ 13. Mill Creek and Bypass argue that they are entitled to compensation, because they suffered special damages. The circuit court affirmed the city's finding that Mill Creek and Bypass "no longer" abut the closed portion of the road and held that their claim for damages is now moot.
¶ 14. Generally, a landowner on a partially closed road, whose land is on the opened portion, cannot claim damages if he still has reasonable access to the general system of roads. Miss. State Highway Comm'n v. Vaughey, 358 So.2d 1307, 1309 (Miss.1978). An exception to this rule is if the road closing leaves the landowner in a cul de sac. Id. at 1310 (citing Miss. State Highway Comm'n v. Fleming, 248 Miss. 187, 157 So.2d 792 (1963)). He or she may collect damages. Id.
¶ 15. When Mill Creek and Bypass first challenged the road closing, in January of 2004, the circuit court held they were left in a cul de sac and were entitled to compensation. The circuit court based its decision *71 on a map which indicated that the only access to Columbia-Purvis Road, after the closing, was from Highway 98. All parties agreed that the map was accurate. Later, Mill Creek and Bypass conceded that they were not left on a cul de sac, because Walter Payton Drive gave their property access from Columbia-Purvis Road to Sumrall Road.
¶ 16. The city then erected a second barricade to close off Columbia-Purvis Road north of Walter Payton Drive. In October of 2004, the circuit court ordered that the landowners, who are south of the new access road, were no longer in a cul de sac. There are now two ways to access their portion of Columbia-Purvis Road. Based on this evidence, we find that Mill Creek and Bypass's properties did not abut the closed portion of the road.
¶ 17. If a landowner is not abutting the closed portion of the road, he must prove special damages in order to recover. Puyper v. Pure Oil Co., 215 Miss. 121, 134-35, 60 So.2d 569, 573 (1952). Appellants argue that the value of their commercial property has been specially damaged because of diverted traffic flow. Diverting traffic onto a new road is not special damages for which a landowner may recover. Morris v. Miss. State Highway Comm'n, 240 Miss. 783, 789, 129 So.2d 367, 369 (1961). "Such changes are made in the exercise of the police power and do not constitute the taking or damaging of a property right." Id., 129 So.2d at 369.
When a property owner improves property fronting on a highway he takes a calculated risk that the authorities may find it necessary in improving the highway systems to build new facilities that will divert the traffic from passing in front of his property; and in such cases the property owner is not entitled to damages so long as access to the existing highway remains unimpaired and unrestricted.

Id., 129 So.2d at 369. (emphasis added).
¶ 18. In Morris v. Mississippi State Highway Commission, the property in question fronted Highway 80, near Vicksburg. Id. at 785, 129 So.2d at 367. Interstate 20 was constructed, and traffic flow was diverted onto the new interstate, away from a portion of Morris' property. Id. at 786-87, 129 So.2d at 368. Morris's access to Highway 80 remained unchanged, and he could reach the new Interstate 20 from Highway 80. Id., 129 So.2d at 368. The court held Morris was not entitled to damages merely because traffic was diverted onto a new road. Id. at 788, 129 So.2d at 369.
¶ 19. Here, Mill Creek and Bypass complain that a new road was built, and the city closed off a portion of Columbia-Purvis Road to make sure traffic was channeled onto the new Sumrall Road. Like Morris, Mill Creek and Bypass's access to the original road remains unchanged, and they have reasonable access to the new road. Therefore, they may not be compensated merely because traffic is diverted onto the new Sumrall Road.
¶ 20. Mill Creek and Bypass argue that they are entitled to damages based on the rule in Mississippi State Highway Commission v. Ray, 215 So.2d 569 (Miss.1968). Where access from the road to the land is changed, then a commercial establishment may recover for any damage the limited access caused in the value of the property. Id. at 571. The Ray line of cases deal with situations where the government changed a physical aspect of the existing road immediately in front of the property, which made it more difficult for owners and customers to get to the businesses from the street. Id. at 570.
*72 ¶ 21. In Ray, the Valley Motel fronted Highway 80 and had direct access to the highway. Id. The city condemned portions of the motel's property, including that which immediately fronted the highway. Id. The court described the city's actions:
After the taking . . . a person traveling east to west [on Highway 80], after seeing the Valley Motel, will be able to reach the Valley Motel only by traveling to the interchange at 22nd Avenue, turning right, crossing over a creek bridge, and turning right at a stop light to get on the frontage road, then going back east to the motel, a total distance of about two miles. If a traveler going east decides to go into the Valley Motel when he observes it on his left, he will travel east to the interchange of Tom Bailey Drive with Highways 19 and 45, travel through the interchange, then turn left to get on the service road and return to the Valley Motel, a total distance of about a mile and a half.
Id. The court found Ray was distinguishable from Morris, because in Morris traffic was diverted onto a new road "but no limitation was placed on the existing access" to the original road. Id. at 571. In Ray, "the existing access right have [sic] been taken and more circuitous routes of access substituted." Id. In other words, if an owner's right of access from the property to the existing street is altered, then he or she may recover damages.
¶ 22. Ray does not change our holding in this case. The road immediately abutting Mill Creek and Bypass's properties was unaltered. They have the exact same access to Columbia-Purvis Road that they had before the road closing. Therefore, they are not entitled to compensation for changed access rights.
¶ 23. Accordingly, we find no error and affirm.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.