ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. Precision Communications, Inc. (PC) appealed to the Hinds County Circuit Court after the Hinds County Board of Supervisors (HCBS) awarded a contract for the installation of early-warning tornado sirens to Emergency Dispatch Notification Systems (EDNS) instead of PC. The circuit court remanded the matter to HCBS for reconsideration of all bids. On remand, HCBS decided to reject all previous bids and readvertise the contract. The circuit court then dismissed PC’s appeal as moot. Aggrieved, PC appeals and
 
 *368
 
 argues that the circuit court lacked the authority to remand the matter to HCBS for reconsideration of the previous bids. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. During April 2008, numerous tornadoes moved through Jackson, Mississippi. Many Hinds County residents reported that they did not hear existing early-warning sirens. HCBS later determined that many of the early-warning sirens were in disrepair. Consequently, HCBS authorized Larry Fisher, the Hinds County Emergency Operations Manager, to apply for a grant for funds to repair or replace the non-functioning early-warning sirens. Fisher applied for grants through the Mississippi Emergency Management Agency with funds supplied by the Federal Emergency Management Agency and the United States Department of Homeland Security. Additionally, Jim McCreary of PC helped HCBS apply for grant funds by providing estimates for early-warning systems. McCreary’s estimates were included in HCBS’ grant application.
 

 ¶ 3. On July 31, 2008, HCBS published a notice that it was requesting proposals to replace up to fifty-one broken and/or outdated emergency weather sirens. HCBS’ notice stated that parties interested in placing bids were to deliver sealed specification responses without pricing information by August 22, 2008. HCBS’ notice further stated that an electronic bidding process would begin on August 27, 2008.
 

 ¶ 4. PC hand-delivered sealed specifications without pricing and later participated in an online bidding process conducted by BidBridge, LLC. Seven bids were presented to HCBS. HCBS subsequently held a special meeting, and according to Bid-Bridge’s recommendation, HCBS voted to award the contract to EDNS. During the meeting, McCreary voiced his opposition to HCBS’ decision to award the contract to EDNS.
 

 ¶ 5. On November 26, 2008, PC filed a “notice of appeal and request for stay” in the circuit court. PC stated that it would “attach, supplement and incorporate herein a Bill of Exceptions ... within a reasonable time after [HCBS] fulfills its public records request for documents to be included therein.” PC also requested that the circuit court stay HCBS’ award of the contract to EDNS until after the circuit court had ruled on PC’s bill of exceptions. On December 8, 2008, PC filed an “emergency motion to stay.” PC requested that the circuit court stay HCBS’ award of the contract to EDNS. Approximately twenty days later, the circuit court filed its order denying PC’s motion to stay. HCBS and EDNS then entered into a contract for the installation of ten of the fifty-one weather sirens.
 

 ¶ 6. On July 28, 2009, HCBS moved to dismiss PC’s appeal, arguing that it was moot because HCBS had “chosen to rebid the work that is the subject of this appeal.” PC responded and argued that HCBS did not have the authority to rebid the project. PC also argued that the circuit court did not have the authority to dismiss PC’s appeal on the basis that HCBS had decided to rebid the project. Finally, PC requested that the circuit court stay HCBS’ attempt to rebid the project. Shortly thereafter, PC filed its bill of exceptions to HCBS’ decision to award the contract to EDNS.
 

 ¶ 7. On September 2, 2009, the circuit court entered an order denying HCBS’ motion to dismiss PC’s appeal. However, the circuit court also imposed a stay of PC’s appeal and remanded the matter to HCBS with instructions to reconsider the previous bids. On September 18, 2009, HCBS provided the circuit court with a copy of a transcript and executive session
 
 *369
 
 minutes regarding its reconsideration of all previous bids. During the discussion regarding reconsideration of all bids, HCBS was informed that awarding the contract to PC could endanger the grant funding the project. HCBS was required to comply with the Department of Homeland Security’s Financial Management Guide, which directs that “[contractors that develop or draft specifications, requirements, statements of work, and/or Requests for Proposal ... for a proposed procurement shall be excluded from bidding or submitting a proposal to compete for the award of such procurement.” Based on the discussions during HCBS’s meeting, HCBS informed the circuit court that it had “voted to reject all of the bids and rebid the award for early warning sirens.”
 

 ¶ 8. On October 8, 2009, the circuit court filed its order lifting its stay and dismissing PC’s appeal. In so doing, the circuit court held as follows:
 

 The court is persuaded and adopts the arguments advanced by the County that regarding the County’s revocation of its initial bid award, the County’s reconsideration of all the bids of initial weather siren bidders (to include Precision) and the County’s ultimate rejection of all bids initially submitted to the County makes moot the appeal before the court. This is especially so considering the County’s decision to rebid the weather sirens project.
 

 It is a rudimentary principle of law, the County’s Board of Supervisors may reject any and all bids submitted for its advertised projects. Precision acknowledges as much by their execution of the Electronic Bid Submission Form which substantially contains this rejection provision. Moreover, there is no prohibition against the County revoking its pri- or acceptance of a project bid. [footnote omitted] Precision argues that § 11 — 51— 75, Miss.Code Ann[.] (1972) mandates that the court hear their appeal and reverse the County’s award. Thereafter, Precision insists that the Court is duty bound to provide them a remedy that exclusively awards the weather siren contract to Precision. This Court finds that such interpretation of the statute is flawed.
 

 The safety of the citizens of Hinds County remains a premier concern of this Court. Consequently, the Court lifts any imposed stay that would preclude the County from rebidding for the repair and/or replacement of its weather sirens.
 

 PC appeals.
 

 STANDARD OF REVIEW
 

 ¶ 9. “The scope of review is limited when examining the actions of a municipal board.”
 
 Nelson v. City of Horn Lake ex. rel. Bd. of Aldermen,
 
 968 So.2d 938, 942 (¶ 10) (Miss.2007). “For questions of law, a municipal board’s decision is reviewed de novo.”
 
 Id.
 
 Furthermore, we apply a de novo standard of review to issues of statutory interpretation.
 
 Id.
 
 Otherwise, we “will not set aside the action of the governing body of a municipality unless such action is clearly shown to be arbitrary, capricious, or discriminatory or is illegal or without substantial evidentiary basis.”
 
 Id.
 
 at (¶ 11) (quotations omitted). “An act is arbitrary and capricious when it is done at pleasure, without reasoned judgment or with disregard for the surrounding facts and circumstances.”
 
 Id.
 
 “Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion or more than a ‘mere scintilla’ of evidence.”
 
 Id.
 

 ANALYSIS
 

 THE CIRCUIT COURT’S AUTHORITY TO REMAND FOR RECONSIDERATION
 

 ¶ 10. PC argues that the circuit court did not have the authority to stay its ap
 
 *370
 
 peal and remand the matter to HCBS so that it could reconsider the bids. On remand, HCBS opted to reject all bids and readvertise the project for new bids. According to PC, the circuit court committed reversible error when it remanded the matter to HCBS.
 

 ¶ 11. Regarding a circuit court’s obligations incident to an appeal from a decision of a board of supervisors, Mississippi Code Annotated section 11-51-75 (Rev. 2002) provides as follows:
 

 the circuit court ... shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment. If the judgment be reversed, the circuit court shall render such judgment as the board or municipal authorities ought to have rendered, and certify the same to the board of supervisors ....
 

 PC argues that the circuit court was obligated to either affirm or reverse HCBS’ judgment. PC further argues that, as set forth in section 11-51-75, in the event that the circuit court reversed the judgment of HCBS, the court was required to “render such judgment as the board or municipal authorities ought to have rendered and certify the same to the board of supervisors.” According to PC, the circuit court was required to make one of three decisions: (1) find that HCBS properly awarded the project to EDNS; (2) find that HCBS should not have considered EDNS’ bid and determine which bid HCBS should have accepted; or (3) find that HCBS should have rejected all bids and rebid the project.
 

 ¶ 12. In
 
 Preferred Transport Co., LLC v. Claiborne County Board of Supervisors,
 
 32 So.3d 549, 551 (¶ 3) (Miss.Ct.App.2010), this Court examined a scenario in which the Claiborne County Board of Supervisors (CCBS) awarded a contract for solid-waste disposal to a company that did not submit the lowest bid on the project. CCBS based its decision on factors that were not contained in CCBS’ request for proposals.
 
 Id.
 
 Preferred Transport Company (PTC) appealed to the Claiborne County Circuit Court.
 
 Id.
 
 at 551 (¶4). The circuit court held that CCBS HAD exceeded its statutory authority when it considered other factors that were not in the initial request for proposals.
 
 Id.
 
 The circuit court then ordered CCBS to reopen the request for proposals process and include the other factors that were not included in the first request for proposals.
 
 Id.
 
 PTC then appealed and argued that the circuit court only had the authority to award the contract to PTC or award damages to PTC.
 
 Id.
 
 at 554 (¶ 13).
 

 ¶ 13. On appeal, this Court noted that, as set forth in section 11-51-75, the circuit court was obligated to render the judgment that CCBS should have rendered.
 
 Id.
 
 This Court also noted that, pursuant to Mississippi Code Annotated section 31-7-13(r) (Rev.2002), if a board of supervisors finds that none of the proposals are qualified and acceptable, the request-for-proposals “process may be reinitiated.”
 
 Transport,
 
 32 So.3d at 554 (¶ 14). Finally, this Court held that because CCBS had the statutory authority to reopen the proposal process, the circuit court did not err when it ordered HCBS to reopen the request-for-proposals process.
 
 Id.
 

 ¶ 14. In the case presently before us, the circuit court did not order HCBS to reopen the request-for-proposals process. Instead, the circuit court remanded the matter to HCBS for reconsideration. In other words, the circuit court gave HCBS an opportunity to decide that it would reject all previous bids and reopen the request-for-proposals process. After HCBS decided to reject all bids and reopen the
 
 *371
 
 request-for-proposals process, the circuit court found that PC’s appeal was moot.
 

 ¶ 15. There are numerous instances in which Mississippi appellate courts have remanded matters to fact-finders for reconsideration.
 
 See, e.g., Bailey v. Beard,
 
 813 So.2d 682, 685-86 (¶ 16) (Miss.2002) (reversing and remanding for reconsideration of damages);
 
 Ferrill v. Miss. Employment Sec. Comm’n,
 
 642 So.2d 933, 934 (Miss.1994) (reversing and remanding for reconsideration in light of the appropriate standard of proof);
 
 Howard v. Howard,
 
 913 So.2d 1030, 1040 (¶22) (Miss.Ct.App.2005) (reversing and remanding a chancellor’s decision to deny modification of child custody with instruction to reconsider that ruling on remand);
 
 Burgess v. Trotter,
 
 840 So.2d 762, 771 (¶43) (Miss.Ct.App.2003) (reversing and remanding for reconsideration of a decision to award an unlocated parcel of land). However, it is uncommon to remand a matter while staying an appeal. There can be no doubt that the circuit court essentially gave HCBS an opportunity at a “second bite at the apple.”
 

 ¶ 16. Be that as it may, any error that resulted from the circuit court’s decision to remand for reconsideration of the matter by HCBS is harmless because, as stated in
 
 Preferred Transport,
 
 the circuit court could have ordered HCBS to reject all bids and reopen the request-for-proposals process. Therefore, we find that it is appropriate to affirm the judgment of the circuit court finding that PC’s appeal was moot. “Cases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot ... [and] [t]his Court will not adjudicate moot questions.”
 
 Alford v. Miss. Div. of Medicaid,
 
 30 So.3d 1212, 1214 (¶ 8) (Miss.2010). Accordingly, we affirm. Because we affirm the circuit court’s decision that PC’s appeal was moot, PC’s other issues on appeal are likewise rendered moot.
 

 ¶ 17. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. MYERS, J., NOT PARTICIPATING.