CARLTON,
J., for the Court:
¶ 1. On June 1, 2010, upon petition by the First Baptist Church of Mendenhall, Mississippi (“the Church”), the City of Mendenhall (“the City”) adopted Ordinance 244, which closed and vacated a portion of East Court Street in Menden-hall. Miriam Hopkins[1] appealed the City’s decision to the Simpson County Circuit Court. After a hearing, the circuit court upheld the City’s adoption of Ordinance 244.
¶ 2. Hopkins appeals to this Court, raising the following issues: whether (1) the petition and amended petition filed on behalf of the Church lacked proper form and was void; (2) the City lacked authority on April 6, 2010, to accept the Church’s petition to close a portion of East Court Street; (3) the April 26, 2010 public hearing on the closing of the street was a valid hearing; (4) the actions of the City in closing that portion of East Court Street and adopting Ordinance 244 were unreasonable, arbitrary and capricious, unlawful, illegal, and a violation of due process; (5) the City conducted any studies or took into consideration all aspects of the street closing and weighed the public interest in the use of the street against the public benefit of the closure; (6) the street is required for public use and convenience, and no public necessity existed for its vacation and closing; (7) the actions of the City in closing the street violate the First and Fourteenth Amendments of the United States Constitution and Article 3, Section 14 of the Mississippi Constitution; (8) the taking of public property and giving the property to a church violates the separation of church and state; (9) the circuit judge erred in upholding the City’s adoption of Ordinance 244 in closing the street; (10) the circuit judge erred in denying the motion to reconsider, to alter or amend, and for a new trial; and (11) the orders entered by the circuit court should be reversed and rendered, and East Court Street should remain a public street.
¶ 3. Upon review, we find that the record contains no findings of fact and reasons for the City’s decision sufficient for appellate review. We therefore reverse the circuit court’s judgment, and remand this case to the circuit court for further proceedings consistent with this opinion.[2]
FACTS
¶ 4. The Church filed a petition and an amended petition with the Mayor and Board of Aldermen (the “Board”) of the City of Mendenhall seeking to close the *168 street known as East Court Street, which lies between East Street and Oak Street in the City of Mendenhall.
¶5. A meeting of the Mayor and the Board commenced in the City Hall on April 6, 2010. At this meeting, a motion was carried by vote to: (1) accept the Church’s petition to close a portion of East Court Street; (2) hold a public hearing on the street closure on April 26, 2010, at 5:00 p.m. at City Hall; and (B) authorize the clerk to publish notice of the public hearing according to the state statute.
¶ 6. Subsequently, Hopkins filed with the City a protest and objection to closing the portion of East Court Street. A public hearing commenced on April 26, 2010, and both proponents and opponents of the proposed street closure were provided the opportunity to debate their positions.[3]
¶ 7. On June 1, 2010, the Mayor and the Board held a meeting and adopted Ordinance 244, closing the portion of East Court Street lying between East Street and Oak Street in Mendenhall.[4] The bill of exceptions, which Hopkins later filed in the circuit court, contains no testimony presented at the public hearing in support of the ordinance, and the minutes from the meeting of the Mayor and the Board reflect no discussion or facts supporting the adoption of the proposed ordinance.
¶ 8. Ordinance 244 specifically states, in part, as follows:
SECTION 1. That First Baptist Church is the only adjoining landowner of the part of said street to be closed and have petitioned the Mayor and Board of Aldermen to close that portion of said street herein described.
SECTION 2: That the governing body finds and adjudicates that First Baptist Church constitutes all of the interested and abutting landowners to that part of said street to be closed and vacated. That the City of Mendenhall has the legal right to vacate and close said portion of said street. The governing body further finds and officially adjudicates that the closing of said portion of East Court Street will cause minimal inconvenience to the general public due to numerous alternative streets. The City of Mendenhall now finds and officially adjudicates that said portion of the street should be closed and vacated as provided by law.
SECTION 3: That portion of East Court Street more particularly described as that portion of East Court Street lying between East Street and Oak Street, City of Mendenhall, Mississippi, per map and plat on file in the office of the Tax Assessor of Simpson County, should be and is hereby vacated and closed.
SECTION 4: That the governing body finds and adjudicates that the closing of the above-described part of said street would be in the best interest of the City of Mendenhall, Mississippi, and the citizens thereof.
SECTION 5: That the City Clerk shall cause this Ordinance to be published according to state statute in the Simpson County News.
SECTION 6: That this Ordinance shall take effect and be in force as provided by law.
*169 ¶ 9. On June 8, 2010, Hopkins appealed to the Simpson County Circuit Court, and a bill of exceptions was filed shortly thereafter. Following a hearing on August 30, 2011, the circuit court upheld the City’s adoption of Ordinance 244. Hopkins filed a motion to reconsider, to alter or amend, and for a new trial, which the circuit court denied after a hearing.
¶ 10. Hopkins now appeals to this Court.
DISCUSSION
¶ 11. This Court employs a limited standard of review when considering the actions of a municipal board. Precision Commc’ns, Inc. v. Hinds Cnty., Miss., 74 So.3d 366, 369 (¶ 9) (Miss.Ct.App.2011) (quoting Nelson v. City of Horn Lake ex. rel. Bd. of Aldermen, 968 So.2d 938, 942 (¶ 10) (Miss.2007)). “For questions of law, a municipal board’s decision is reviewed de novo.” Id. Furthermore, we employ a de novo standard of review when considering issues of statutory interpretation. Id. “Otherwise, we ‘will not set aside the action of the governing body of a municipality unless such action is clearly shown to be arbitrary, capricious, or discriminatory or is illegal or without [a] substantial evidentiary basis.’ ” Id. (citation omitted).
¶ 12. “An act is arbitrary and capricious when it is done at pleasure, without reasoned judgment or with disregard for the surrounding facts and circumstances.” Id. “Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion or more than a ‘mere scintilla’ of evidence.” Id.
¶ 13. Mississippi Code Annotated section 21-37-7 (Rev.2007) states:
The governing authorities of municipalities shall have the power to close and vacate any street or alley, or any portion thereof. No street or alley or any portion thereof shall be closed or vacated, however, except upon due compensation being first made to the abutting landowners upon such street or alley for all damages sustained thereby.
Additionally, this Court has found that “[b]efore a municipality may close a public road, it must (1) find the closing is for the public good and (2) compensate abutting landowners for any damages.” Mill Creek Props., Inc. v. City of Columbia, 944 So.2d 67, 69 (¶ 8) (Miss.Ct.App.2006) (citation omitted). “However, a city may not close a road just to benefit a private party. Id. at 69-70 (¶ 8). Ordinance 244 and the minutes of the Board related to its adoption fail to reflect that the ordinance met the statutory requirements.
¶ 14. Therefore, we find that the City must provide some factual findings or basis supporting its adoption of the ordinance at issue so that we may review whether the city ordinance closing the road was for the public good or was arbitrary, capricious, or without substantial evidence.[5] While we find that controlling statutory provisions and Mississippi case law require no petition or public hearing prior to the closing of a public road, we nonetheless find that such closing must be done on the basis of public need. See Miss.Code. Ann. §§ 21-13-1, 21-13-3, 21-37-7 (Rev.2007); see also Puyper v. Pure Oil Co., 215 Miss. 121, 133, 60 So.2d 569, 572 (1952) (“Where full power is granted to the authorities of a municipality to vacate streets, they may act upon their own motion, and a petition of property owners as a basis for the proceeding is not necessary in the absence of a statute requiring it.”); Mill Creek, 944 So.2d at 69 (¶ 8).
*170 ¶ 15. However, in this case, the minutes of the City's June 1, 2010 board meeting fail to show any discussion, reasoning, or factual findings either in support of or contrary to the City’s decision to close the street at issue, for the public good or some other reason. While the bill of exceptions states that the proponents and opponents of the ordinance spoke as to the possible closure of the road, the bill of exceptions and the subsequent board-meeting minutes both fail to set forth any supporting arguments or summary of any supporting testimony.[6] Moreover, the bill of exceptions and the minutes from the municipal board meeting fail to show that the City concluded that a public need for the road closure in fact existed. We, therefore, lack a factual basis to review whether or not the City’s decision was based on substantial evidence or was instead arbitrary and capricious.
¶ 16. Accordingly, we find that the City’s ordinance in this case contains nothing more than conclusory findings. Without knowing the reasons for the City’s decision to adopt the ordinance, we would be forced to improperly reweigh the evidence before us and substitute our judgment for that of the City in order to decide the merits of the appeal. See Precision Commc’ns, 74 So.3d at 369 (¶ 9). As such, we cannot provide an adequate appellate review of the City’s decision to determine whether the City’s decision was arbitrary and capricious, or supported by substantial evidence.
CONCLUSION
¶ 17. Because the record lacks findings and reasons for the adoption of Ordinance 244 by the Board, we reverse the circuit court’s judgment and remand this case to the circuit court with instructions for the City to provide factual findings underlying the Board’s adoption of Ordinance 244.
¶ 18. THE JUDGMENT OF THE SIMPSON COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANTS AND ONE-HALF TO THE APPELLEE.
LEE, C.J., IRVING, P.J., BARNES and ISHEE, JJ., CONCUR. ROBERTS, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., MAXWELL AND FAIR, JJ. JAMES, J., NOT PARTICIPATING.

. Miriam Hopkins, Eldon Sewell, Dina Se-well, Abbie Patrick, Jaris Patrick, Jovita Bog-gan, Rita Wigginton, and Ann Womack (collectively "Hopkins”) appealed.

. See Precision Commc'ns, Inc. v. Hinds Cnty., Miss., 74 So.3d 366, 369 (¶ 9) (Miss.Ct.App.2011); see also URCCC 5.03 (stating the scope of appeals from administrative agencies).

. The City alleges that the hearing initially was set to be held in the City Hall, but due to the number of attendees, the hearing was moved across the street to the Municipal Court Building where the Mendenhall Police Department was headquartered.

. Ordinance 244 provides that the ordinance received the affirmative vote of the majority of the governing body.

. See, e.g., Mill Creek, 944 So.2d at 70 (¶¶ 11-12).

. The bill of exceptions reflects that the April 26, 2010 public hearing was taped, but no transcript or tape of the public hearing was provided to this Court on appeal.