# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00940-COA

**MIRIAM HOPKINS, ELDON SEWELL, DINA SEWELL, ABBIE PATRICK, JARIS PATRICK, JOVITA BOGGAN, RITA WIGGINTON AND ANN WOMACK**                                                    APPELLANTS

v.

**CITY OF MENDENHALL, MISSISSIPPI**                                                    APPELLEE

DATE OF JUDGMENT:                06/11/2014
TRIAL JUDGE:                     HON. RICHARD W. MCKENZIE
COURT FROM WHICH APPEALED:       SIMPSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:         GAY LEE WILLIAMS
ATTORNEY FOR APPELLEE:           L. WESLEY BROADHEAD
NATURE OF THE CASE:              CIVIL - OTHER
TRIAL COURT DISPOSITION:         UPHELD CITY'S ADOPTION OF
                                 ORDINANCE 244
DISPOSITION:                     AFFIRMED: 10/06/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES AND JAMES, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1. This is the second appeal of a city ordinance that closed a street. It was challenged by concerned citizens.

## FACTS

¶2. The First Baptist Church of Mendenhall, Mississippi ("the Church"), filed a petition and an amended petition with the mayor and board of aldermen (the "Board") of the City of Mendenhall (the "City") seeking to close East Court Street, which lies between East Street

and Oak Street in Mendenhall.

¶3.     At a Board meeting on April 6, 2010, a motion was made and carried by vote to: (1) accept the Church's petition to close a portion of East Court Street; (2) hold a public hearing on the street closure; and (3) authorize the clerk to publish notice of the public hearing.

¶4.     Subsequently, Miriam Hopkins, Eldon Sewell, Dina Sewell, Abbie Patrick, Jaris Patrick, Jovita Boggan, Rita Wigginton, and Ann Womack (collectively referred to as "Hopkins") filed a protest and objection to closing the portion of East Court Street. A public hearing was held on April 26, 2010, and both proponents and opponents of the proposed street closure were provided the opportunity to debate their positions.

¶5.     On June 1, 2010, the Board adopted Ordinance 244, which stated:

SECTION 1. That First Baptist Church is the only adjoining landowner of the part of said street to be closed and have petitioned the Mayor and Board of Aldermen to close that portion of said street herein described.

SECTION 2. That the governing body finds and adjudicates that First Baptist Church constitutes all of the interested and abutting landowners to that part of said street to be closed and vacated. That the City of Mendenhall has the legal right to vacate and close said portion of said street. The governing body further finds and officially adjudicates that the closing of said portion of East Court Street will cause minimal inconvenience to the general public due to numerous alternative streets. The City of Mendenhall now finds and officially adjudicates that said portion of the street should be closed and vacated as provided by law.

SECTION 3. That portion of East Court Street more particularly described as that portion of East Court Street lying between East Street and Oak Street, City of Mendenhall, Mississippi, per map and plat on file in the office of the Tax Assessor of Simpson County, should be and is hereby vacated and closed.

SECTION 4. That the governing body finds and adjudicates that the closing of the above-described part of said street would be in the best interest of the City of Mendenhall, Mississippi, and the citizens thereof.

2

SECTION 5. That the City Clerk shall cause this Ordinance to be published according to state statute in the Simpson County News.

SECTION 6. That this Ordinance shall take effect and be in force as provided by law.

¶6. On June 8, 2010, Hopkins appealed the adoption of the ordinance to the Simpson County Circuit Court. A bill of exceptions was properly and timely filed. After a hearing on August 30, 2011, the circuit court upheld the City's adoption of Ordinance 244. Hopkins filed a motion to reconsider, to alter or amend, and for a new trial, which the circuit court denied.

¶7. Hopkins appealed. In *Hopkins v. City of Mendenhall*, 116 So. 3d 166, 167 (¶3) (Miss. Ct. App. 2013), this Court held that the record contained no findings of fact and reasons for the City's decision sufficient for appellate review. Therefore, this Court reversed the circuit court's judgment and remanded the case to the circuit court for further proceedings consistent with our decision. *Id.* at 170 (¶17).

¶8. After remand, the Board held a meeting on June 27, 2013. The mayor notified the members of the Board that they were to provide factual findings of the Board's adoption of Ordinance 244. Minutes were presented from the public hearing previously conducted on April 26, 2010, wherein nine people gave testimony, with six in favor of closing the portion of East Court Street. The Board determined that the factual basis for closing the portion of East Court Street was the safety of the citizens of Mendenhall that attend functions at the Church or the Church's Family Life Center. On September 20, 2013, the City filed the Board's findings of fact in circuit court. The circuit court considered the matter and entered

3

an order that upheld Ordinance 244. Hopkins has again appealed this matter.

## DISCUSSION

I.  Standing

¶9.  We begin with the City's challenge to the standing of the concerned citizens who have brought this appeal. "'Standing' is a jurisdictional issue which may be raised by any party or the Court at any time." *Hall v. City of Ridgeland*, 37 So. 3d 25, 33 (¶23) (Miss. 2010) (quoting *In re Enlargement & Extension of the Mun. Boundaries of City of Horn Lake*, 822 So. 2d 253, 255 (¶10) (Miss. 2002)). "This Court reviews questions of standing de novo." *Id.* (citing *Gartrell v. Gartrell*, 27 So. 3d 388, 391-92 (¶10) (Miss. 2009)).

¶10.  This Court has recently held:

> Mississippi's standing requirements are quite liberal. Federal courts adhere to a stringent definition of standing, limited by Article 3, [S]ection 2 of the United States Constitution to a review of actual cases and controversies, but the Mississippi Constitution contains no such restrictive language. The Mississippi Supreme Court has been more permissive in granting standing to parties who seek review of governmental actions.

*Hudson v. Jones Cnty. Bd. of Sup'rs*, 77 So. 3d 1148, 1150 (¶4) (Miss. Ct. App. 2011) (internal quotations omitted) (quoting *Burgess v. City of Gulfport*, 814 So. 2d 149, 151-52 (¶13) (Miss. 2002); *State v. Quitman Cnty.*, 807 So. 2d 401, 405 (¶11) (Miss. 2001)).

¶11.  "'In Mississippi, parties have standing to sue when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise provided by law.'" *Id*. at (¶5) (quoting *Burgess*, 814 So. 2d at 152-53 (¶13)). "'Colorable,' when used to describe a claim or action, means 'appearing to be true, valid, or right.'" *Id*. (quoting *Hall*, 37 So. 3d at 33 n. 6). "'To establish standing on

4

grounds of experiencing an adverse effect from the conduct of the . . . appellee, the adverse effect experienced must be different from the adverse effect experienced by the general public.'" *Id*. at (¶6) (quoting *Hall*, 37 So. 3d at 33-34 (¶24)). "Further, the mere fact that [the appellant resides] in the City is not sufficient to confer standing." *Burgess*, 814 So. 2d at 153 (¶16).

¶12.　In *Ball v. Mayor & Board of Aldermen of City of Natchez*, 983 So. 2d 295 (Miss. 2008), residents of the City of Natchez filed an appeal with respect to the city's sale of land to a condominium developer. *Hall*, 37 So. 3d at 34 (¶26). On cross-appeal, the City of Natchez challenged the residents' standing. *Ball*, 983 So. 2d at 298 (¶6). The Mississippi Supreme Court reasoned that standing existed because "the [residents] were property owners in the city"; "their property was located near the [subject property]"; and they "alleged that the [development project] would adversely impact their properties." *Hall*, 37 So. 3d at 34 (¶26).

¶13.　The facts in the instant case are similar to the facts in *Ball* in that Hopkins owns property in the City of Mendenhall; Hopkins's property is located near the subject property; and Hopkins alleges that the closure of the street will have an adverse impact. Therefore, we find that the City's argument that Hopkins does not have standing is without merit.

　　　II.　Ordinance 244

¶14.　"This Court employs a limited standard of review when considering the actions of a municipal board." *Hopkins*, 116 So. 3d at 169 (¶11) (citing *Precision Commc'ns, Inc. v. Hinds Cnty., Miss.*, 74 So. 3d 366, 369 (¶9) (Miss. Ct. App. 2011)). "'For questions of law,

a municipal board's decision is reviewed de novo.'" *Id*. "Furthermore, we employ a de novo standard of review when considering issues of statutory interpretation." *Id*. "'Otherwise, we will not set aside the action of the governing body of a municipality unless such action is clearly shown to be arbitrary, capricious, or discriminatory or is illegal or without a substantial evidentiary basis.'" *Id*. "'An act is arbitrary and capricious when it is done at pleasure, without reasoned judgment or with disregard for the surrounding facts and circumstances.'" *Id*. at (¶12). "'Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion or more than a "mere scintilla" of evidence.'" *Id*.

¶15.    "Additionally, this Court has found that 'before a municipality may close a public road, it must (1) find the closing is for the public good and (2) compensate abutting landowners for any damages.'" *Id*. at (¶13) (quoting *Mill Creek Props., Inc. v. City of Columbia*, 944 So. 2d 67, 69 (¶8) (Miss. Ct. App. 2006)).

### A.    Public Good

¶16.    As stated, "[b]efore a municipality may close a public road, it must . . . find the closing is for the public good[.]" *Mill Creek*, 944 So. 2d at 69 (¶8). "[A] city may not close a road just to benefit a private party." *Id*. at 69-70 (¶8).

¶17.    In *Laurel Improvement Co. v. Rowell*, 84 Miss. 435, 36 So. 543 (1904), the City of Laurel closed Post Street and gave it to Laurel Improvement Co., to the exclusion of all others. *Mill Creek*, 944 So. 2d at 70 (¶9) (citing *Laurel Improvement Co.*, 84 Miss. at 435, 36 So. at 543). Laurel Improvement Co. then built a fence around the road and erected

buildings on it. *Id.* The Mississippi Supreme Court found the only reason the street was closed was in order to give it to Laurel Improvement Co. *Id.* The court held this action was outside the city's powers. *Id.*

¶18. This Court applied *Laurel Improvement Co.* to *Mill Creek*. However, this Court found the board's resolution to approve the closing of Columbia-Purvis Road was for the public good. *Mill Creek*, 944 So. 2d at 70 (¶12). Unlike *Laurel Improvement Co.*, this Court found the reason for closing the road was traffic and safety. Furthermore, the decision to close the road was based on substantial evidence consisting of an affidavit and testimony of one person. *Id.* at (¶11).

¶19. Here, the portion of East Court Street was not closed for the purpose of benefitting the Church. The Church would benefit from the closed street, but not through ownership. Instead, the Church would benefit merely because it was closed for the safety of the citizens of Mendenhall that attend functions at the Church. Furthermore, the City's decision to close the portion of East Court Street was based on the testimony of nine persons, of which six were in favor of closing the portion of the street.

¶20. There was substantial evidence to support the City's finding that East Court Street needed to be closed for safety reasons. The question remains whether the City was required to compensate Hopkins before it closed the road.

###### B. Compensation

¶21. "'[B]efore a municipality may close a public road, it must . . . compensate abutting landowners for any damages.'" *Hopkins*, 116 So. 3d at 169 (¶13) (quoting *Mill Creek*, 944

7

So. 2d at 69-70 (¶8)). "If a landowner is not abutting the closed portion of the road, he must prove special damages in order to recover." *Mill Creek*, 944 So. 2d at 71 (¶17) (citing *Puyper v. Pure Oil Co.*, 215 Miss. 121, 60 So. 2d 569, 573 (1952)).

¶22. Here, Hopkins is not an abutting landowner, nor are the other concerned citizens who pursued this challenge to the ordinance. Therefore, Hopkins is not entitled to compensation without proving special damages. However, it is clear that Hopkins is not asking for compensation. During trial, Hopkins's attorney stated: "We don't say we have a right to special damages." Furthermore, the circuit court found: "There was no testimony taken from any citizen who was an abutting landowner to the subject property or as to any special damages he might sustain." For these reasons, Hopkins is not entitled to compensation.

¶23. We find that the City's argument that Hopkins lacks standing is without merit. However, we also find that the City's closure of East Court Street was for the public good and was not arbitrary, capricious, or without substantial evidence. For these reasons, we affirm the circuit court's decision to uphold the City's adoption of Ordinance 244.

¶24. **THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**