CITY OF HATTIESBURG *v.* COLSON.

No. 41092          March 23, 1959          109 So. 2d 868

*C. W. Sullivan,* Hattiesburg, for appellant.

*Wingo & Finch,* Hattiesburg, for appellee.

McGehee, C. J.

Upon an amended petition of John L. Lee and others, who constituted all of the abutting landowners to a part of an alley twenty-five feet wide and one hundred and fifty feet long north and south in the City of Hattiesburg, which was proposed to be closed and vacated, the appellant City of Hattiesburg found and adjudged the following in an ordinance closing and vacating the part of the alley in question, to wit: "that the said above described alley is not needed as a public alley; has not been used as a public alley; that it has never been opened, used or worked as a public alley and that the public interest and welfare require that said alley be vacated, closed and annulled * * *" The ordinance further found and adjudicated "that all of the abutting landowners upon said alley have joined in the amended petition to close and vacate same and have waived, released and forever discharged the City of Hattiesburg from any or all claims of any character whatsoever and claims for damages because of the vacating, closing and annulling of said alley."

The alley referred to was described in the ordinance as "That certain alley lying between Lot 6 in Block 2 of the M. J. Epley Addition and Lots 10, 9 and part of Lot 8 in Block 1 of the T. W. Wilson Addition, being an alley 25 feet wide and 150 feet long North and South * * *"

The appellee Leo Colson appealed the case to the Circuit Court of Forrest County upon a bill of exceptions which did not disclose that he was an abutting landowner to the alley, but that he owned other nearby lots, and on one of which he owned and operated a workshop, and the bill of exceptions alleges in substance that he would have to follow a "roundabout course" to gain access to the said workshop, and that he would otherwise be inconvenienced by the vacation and closing of the said alley.

The appeal did not therefore state a ground for relief under the decision of Puyper, et al. v. Pure Oil Company,

215 Miss. 121, 60 So. 2d 569, and under the other statutes and decisions relied on by the appellee on this appeal.

The circuit court reversed the Mayor and Commissioners and declared that its ordinance closing, vacating and annulling the portion of the alley in question was null and void for the reason that the holders of certain deeds of trust and their trustees were not made parties through the proceedings before the Mayor and Board of Commissioners of the City.

Section 3374-127 reads as follows: ''The governing authorities of municipalities shall have the power to close and vacate any street or alley, or any portion thereof. But no street or alley or any portion thereof shall be closed or vacated except upon due compensation being first made to the abutting landowners upon such street or alley for all damages sustained thereby.''

The mortgagees and trustees in the deeds of trust on the abutting lots are not complaining nor did they have the right to complain in the absence of proof, not offered herein, that the lots on which the security was held would be impaired in value by the closing of the portion of the alley in question, and to the extent of working a prejudice to the mortgagees on the theory that the closing of a portion of the alley would reduce the value of the lots to such an extent as to prevent the mortgagees from collecting the full indebtednesses due them.

■■■ We do not think that the appellee was ''a party aggrieved'' within the meaning of the appeal statute in this case (Code 1942, Sec. 1195), and not being an abutting landowner nor a party to the proceeding, we do not think that his appeal conferred the necessary jurisdiction upon the circuit court to vacate the city ordinance. In fact the situation gave absolute right to close or vacate the portion of the alley in question, and those interested or affected by the ordinance would have to pursue their remedy in the manner provided by law, if able to show that their property had been either taken or damaged by the

action of the municipality. We therefore conclude that the judgment of the circuit court should be reversed, and that the ordinance in question, entered on December 31, 1956, should be, and the same is, hereby reinstated.

Reversed and judgment here for the appellant.

*Hall, Holmes, Ethridge* and *Gillespie, JJ.,* concur.