905 So.2d 610 (2005)
Eartha JAMISON, Appellant,
v.
Dr. James KILGORE d/b/a Foot Clinic of Columbus, Appellee.
No. 2003-CA-00599-COA.
Court of Appeals of Mississippi.
March 30, 2004.
Rehearing Denied June 22, 2004.
William L. Bambach, Columbus, attorney for appellant.
*611 L. Bradley Dillard, Flowood, John G. Wheeler, Tupelo, attorneys for appellee.
Before KING, P.J., THOMAS and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Eartha Jamison appeals from an order entered by the Circuit Court of Lowndes County granting Dr. James Kilgore's motion for summary judgment. On appeal, Jamison raises the following issue. DID THE TRIAL COURT ERR BY GRANTING DR. KILGORE'S MOTION FOR SUMMARY JUDGMENT REGARDING JAMISON'S CLAIM FOR LACK OF INFORMED CONSENT?

STATEMENT OF FACTS
¶ 2. On April 14, 1997, Eartha Jamison had a bunion removed from her foot by Dr. James Kilgore, a podiatrist. Jamison claims that prior to the procedure Dr. Kilgore told her that within four to six weeks following the bunion removal she would be pain free. Jamison asserts that based on the guarantee of Dr. Kilgore she agreed to have the procedure on her foot. On April 13, 1999, Jamison filed a complaint claiming that Dr. Kilgore failed to obtain her informed consent prior to performing the bunion removal. Specifically, that he failed to properly inform her of the risks/consequences of the procedure or to disclose reasonable alternatives. Jamison asserted that she was experiencing daily pain from the procedure and was forced to miss nine months of work due to the procedure.
¶ 3. On April 5, 2002, Dr. Kilgore moved for summary judgment based on Jamison's failure to designate an expert witness. The trial court granted Dr. Kilgore's motion for summary judgment based on its reasoning that expert testimony is required in informed consent cases as well as in cases of medical negligence. Jamison timely filed her appeal from the trial court's order.

STANDARD OF REVIEW
¶ 4. When reviewing a lower court's granting of summary judgment, this court employs a de novo standard of review. Young v. Wendy's Int'l, Inc., 840 So.2d 782, 783(¶ 3) (Miss.Ct.App.2003) (citing Hudson v. Courtesy Motors, 794 So.2d 999, 1002(¶ 7) (Miss.2001)). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Piggly Wiggly of Greenwood, Inc. v. Fipps, 809 So.2d 722, 725(¶9) (Miss.Ct.App.2001) (citing M.R.C.P. 56(c); Singleton v. Ratliff, 757 So.2d 1098(¶ 6) (Miss.Ct.App.2000)). The burden rests on the moving party to show that no genuine issue of material fact exists, while the benefit of reasonable doubt is given to the non-moving party. Young, 840 So.2d at 784. Also, "the trial court must view all the evidence in the light most favorable to the non-movant." Id. (citing Brown v. Credit Ctr., Inc., 444 So.2d 358, 363 (Miss.1983)). The non-moving party cannot sit back and produce no evidence. To survive summary judgment, the non-moving party must offer "significant probative evidence demonstrating the existence of a triable issue of fact." Id. (citing Newell v. Hinton, 556 So.2d 1037, 1041-42 (Miss.1990)).

LEGAL ANALYSIS
DID THE TRIAL COURT ERR BY GRANTING DR. KILGORE'S MOTION FOR SUMMARY JUDGMENT REGARDING JAMISON'S CLAIM FOR LACK OF INFORMED CONSENT?
¶ 5. Jamison asserts that the trial court erred by granting Dr. Kilgore's motion *612 for summary judgment because expert medical testimony is not required in informed consent cases. Conversely, Dr. Kilgore argues that the trial court was correct in granting his motion for summary judgment because Jamison should have provided expert testimony and failed to do so.
¶ 6. Informed consent originates from the theory that a competent adult has the right to control his body and to make an informed decision as to whether to authorize a medical procedure. Palmer v. Biloxi Reg'l Med. Ctr., Inc., 564 So.2d 1346, 1363 (Miss.1990). Much like a claim of medical negligence, in an action for lack of informed consent against a doctor, the patient must prove by a preponderance of the evidence the four elements of negligence: duty, breach, causation and injury. Hill v. Warden, 796 So.2d 276, 281 (¶ 20) (Miss.Ct.App.2001); Hudson v. Parvin, 582 So.2d 403, 410 (Miss.1991). If a physician-patient relationship exists, "the doctor automatically has the duty to inform and procure the consent of the patient as it relates to the proposed treatment." Hill, 796 So.2d at 282 (citing Palmer, 564 So.2d at 1363).
¶ 7. The information that a doctor must disclose to a patient contemplating treatment is not absolute. In this state, an objective test was been adopted to determine what information the doctor must disclose to the patient about the contemplated medical procedure to be performed. Phillips by and through Phillips v. Hull, 516 So.2d 488, 493 (Miss.1987) (citing Reikes v. Martin, 471 So.2d 385, 392 (Miss.1985)). The test dictates that a physician "must disclose those known risks which would be material to a prudent patient in determining whether or not to undergo the suggested treatment." Hull, 516 So.2d at 493.
¶ 8. The trial court granted summary judgment because Jamison did not provide proof in the form of expert testimony regarding breach of duty, proximate cause and injury. Expert testimony is not required when the issue under consideration is within the common knowledge of laymen." Mallet v. Carter, 803 So.2d 504, 508 (¶ 11) (Miss.Ct.App.2002). Applying that standard to cases of informed consent, expert testimony is generally not required to prove what communications transpired between the doctor and the patient because those are matters within the knowledge of laymen. Hull, 516 So.2d at 494 . Jamison relies on Hull for her assertion that she was not required to offer proof through expert testimony for all purposes. Dr. Kilgore asserts a different view.
¶ 9. Jamison's claim is not that Dr. Kilgore failed to provide any information to her, but that he failed to provide adequate information to her regarding the procedure and therefore her consent to it was not informed. The record in this case contains short excerpts from Jamison's deposition where she admits that Dr. Kilgore provided some information to her regarding the procedure. Our supreme court has held that "whether consent by a patient to a medical procedure is informed may turn on whether the information provided by the doctor was adequate." Hudson, 582 So.2d at 411.
¶ 10. It should be noted that both parties refer to a "consent for operation" form that Jamison allegedly signed prior to the procedure. For some reason, the record in this case does not contain the consent form. Such signed waivers do not absolutely establish the patient's consent to a medical procedure even though they may be helpful in ascertaining information given to the patient. Barner v. Gorman, 605 So.2d 805, 808 (Miss.1992). In the case sub judice, this Court will not speculate *613 about the contents of the consent form or give it any factual weight because it is not included in the record for our review.
¶ 11. Dr. Kilgore asserts that when a complaint, such as Jamison's, asserts a claim of lack of informed consent based upon allegations of inadequate or incomplete information given to them by the doctor, expert testimony is necessary to inform the fact-finder of exactly what information the doctor should have communicated to the patient, thus explaining what constituted the breach of care. We agree. Also, Dr. Kilgore directs this court's attention to a case in which the supreme court held the following:
Once proof of duty and breach of that duty is provided, the plaintiff is required to produce evidence of two sub-elements of causation. First, the plaintiff must show that a reasonable patient would have withheld consent had she been properly informed of the risks, alternatives, and so forth. . . . And second, the plaintiff must show that the treatment was the proximate cause of the worsened condition (i.e., injury). That is, the plaintiff must show that she would not have been injured had the appropriate standard of care been exercised. Generally, proof of the latter sub-element requires expert testimony that the defendant's conductnot the patient's original illness or injuryled to the worsened condition.
Palmer, 564 So.2d at 1364 (citing Hull, 516 So.2d at 493). Dr. Kilgore argues that expert testimony should be required in cases of informed consent and Palmer explains that such testimony is particularly important on the issue of causation, an element on which the claimant must offer proof.
¶ 12. The trial court agreed with Dr. Kilgore and held that expert testimony was needed on the issues of breach, proximate cause and injury. Jamison cannot survive summary judgment by making mere allegations of lack of informed consent. Hill, 796 So.2d at 282. She must offer proof on each element sufficient to show a genuine issue of material fact exists. By refusing to offer an expert witness to support her claim for lack of informed consent, Jamison offered no genuine issues of material fact for the trial court's determination. Therefore, the trial court did not err by granting Dr. Kilgore's motion for summary judgment.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.