925 So.2d 155 (2006)
Kirsten JOHNSON and John Johnson, Appellants
v.
Janis E. BURNS-TUTOR, M.D., Appellee.
No. 2005-CA-00159-COA.
Court of Appeals of Mississippi.
March 28, 2006.
*156 Jonathan Thomas Crump, Tupelo, attorney for appellant.
Clinton M. Guenther, Greenwood, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. Kirsten and John Johnson filed a medical negligence action against Janice E. Burns-Tutor, M.D. in the Circuit Court of Lee County. Dr. Burns-Tutor filed a motion for summary judgment due to the Johnsons's failure to designate a medical expert witness. The Honorable Sharion R. Aycock granted the motion. On appeal, we find no error and affirm.

FACTS
¶ 2. In November of 1999, Kirsten Johnson sought the services of Dr. Burns-Tutor, a plastic surgeon, for liposculpture and abdominoplasty. In 2001, Kirsten underwent the abdominoplasty procedure.
¶ 3. Not satisfied with the result, on December 30, 2002, the Johnsons filed a pro se complaint that alleged that Dr. Burns-Tutor was negligent in performing the surgical procedure because Kirsten was left with a noticeable scar. According to the complaint, the Johnsons claim that: (1) Kirsten Johnson gave her approval to the operation based on the belief that she would not receive any substantial scars, and the cut used would be a "bikini cut;" (2) standard surgical procedures were not used in the performance of abdominoplasty making it impossible for Kirsten to enjoy the expected benefits; (3) the abdominoplasty procedure was not properly performed, since is was Kirsten's specific intention that she would receive a virtually unnoticeable "bikini cut" and not the "handlebar" scars that resulted; and John was entitled to damages for loss of consortium due to Dr. Burns-Tutor's negligence.
¶ 4. In June of 2003, Dr. Burns-Tutor filed a motion for summary judgment. The motion argued that Dr. Burns-Tutor was entitled to a judgment as a matter of law because the Johnsons had failed to designate a medical expert witness. The Johnsons argued that expert testimony was not necessary because the negligence was obvious. On October 3, 2003, the circuit court denied the motion for summary judgment but gave the Johnsons forty-five days to designate a medical expert. Thereafter, the Johnsons were granted an additional twenty days.
¶ 5. On December 23, 2003, the Johnsons filed a designation of expert witness. It designated Dr. J. Kurt Bivens, as an expert in the field of cosmetic, plastic, and reconstructive surgery. The designation stated that a copy of Dr. Biven's credentials and qualifications had been provided to Dr. Burns-Tutor.
*157 ¶ 6. Dr. Burns-Tutor moved to strike the Johnsons's expert designation because it was signed by Jon T. Crump, Esq. Mr. Crump is an attorney who appeared at the summary judgment hearing with the Johnsons. During the hearing, Mr. Crump advised the court that he was not entering an appearance as the Johnsons's attorney of record. In response to the motion to strike, however, Mr. Crump filed a formal entry of appearance. Dr. Burns-Tutor then withdrew her motion to strike the expert designation.
¶ 7. In September of 2004, an agreed scheduling order was entered. It required that: (1) the Johnsons's experts be designated no later than September 15, 2004; (2) Dr. Burns-Tutor's experts be designated no later than October 15, 2004; (3) all discovery be completed no later than December 15, 2004; (4) all motions be served no later than February 15, 2005; and (5) the order setting trial be filed before December 1, 2004.
¶ 8. On September 15, 2004, Mr. Crump served the second plaintiffs' designation of experts that identified Dr. Bivens as an expert witness. The content of this designation will be discussed below.
¶ 9. In November of 2004, Dr. Burns-Tutor renewed her motion for summary judgment. The circuit judge found that the Johnsons's failed to designate an expert witness, pursuant to Rule 26 of the Mississippi Rules of Civil Procedure, and could not make a showing sufficient to establish the existence of an essential element of her case. The court granted Dr. Burns-Tutor's motion for summary judgment.

STANDARD OF REVIEW
¶ 10. Our standard of review for the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. McMillan v. Rodriguez, 823 So.2d 1173, 1176(¶ 9) (Miss. 2002). This Court employs a de novo standard of review of a lower court's grant or denial of a summary judgment and examines all the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. Id. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Id. Otherwise, the motion should be denied. Id. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says to the opposite. Id. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. Id. That is, the non-movant should be given the benefit of the doubt. Id.

ANALYSIS
¶ 11. The Johnsons argue that the question presented is whether an expert witness was required for the Johnsons to prevail on their claim of lack of informed consent. The Johnsons argue that no expert witness testimony was necessary. Hence, they argue it was error for the circuit judge to grant the motion for summary judgment. They claim that Dr. Burns-Tutor promised to make an incision in one place, but made it in another. Thus, they say the more accurate issue is whether expert testimony is required for a medical negligence/lack of informed consent claim to escape summary judgment.
¶ 12. The Johnsons's complaint alleged a claim for medical malpractice. Clearly, a doctor-patient relationship existed. *158 Thus, for the Johnsons to prevail they were required to prove: (1) the standard of care, (2) breach of the standard of care, (3) causal connection between the breach and the injury, and (4) the extent of the plaintiff's damages. McCaffrey v. Puckett, 784 So.2d 197, 206 (¶ 33) (Miss.2001). Typically, negligence cannot be established without medical testimony that the defendant failed to use ordinary skill and care. Sheffield v. Goodwin, 740 So.2d 854, 858(¶ 5) (Miss.1999). In Erby v. North Mississippi Medical Center, 654 So.2d 495, 500 (Miss.1995), the supreme court held that "our general rule is that medical negligence may be established only by expert testimony, with an exception for instances where a layman can observe and understand the negligence as a matter of common sense and practical experience."
¶ 13. The Johnsons argue that an expert opinion is not necessary because a layman can "observe and understand" that the resulting scar was not where it was supposed to be and that the scar's placement constitutes medical malpractice. The circuit judge disagreed and determined that the Johnsons's claims required expert medical testimony.
¶ 14. In response to the motion for summary judgment, the Johnsons relied on the designation of Dr. J. Kurt Bivens as an expert witness and the description of his testimony that was served on September 15, 2004. The Johnsons also argued that they could prevail without an expert on the issues of lack of informed consent and failure to perform the correct operation. The Johnsons argue that they presented evidence that Kirsten was promised that her scar would be in a different location and that this could be explained by the fact that Dr. Burns-Tutor performed a different type of procedure other than the procedure that was agreed upon.
¶ 15. On September 15, 2004, Jon Crump served the plaintiffs' designation of experts that identified Dr. Bivens as an expert witness. It stated that:
Dr. Bivens will testify as to the standard of care, breach and causation elements. Dr. Bivens credentials are attached hereto in the form of his curriculum vitae. Dr. Bivens has prepared medical reports involving the plaintiff's prior treatment and consultations, and plaintiff has requested that Dr. Bivens prepare a report delineating the specific facts and standard to be testified upon by Dr. Bivens.
¶ 16. At the hearing on the motion for summary judgment, Mr. Crump introduced a statement from Dr. Bivens, dated December 22, 2003. It was signed by Dr. Bivens, but it was neither a sworn affidavit nor did it provide any opinions that would assist the Johnsons in meeting their burden of proof. Mr. Crump argued that the Johnsons did not claim that Dr. Tutor improperly performed a procedure. Instead, the question was whether the actual scars Kirsten received were the type and at the location that should have been produced by the procedure.
¶ 17. The circuit judge determined that expert testimony was required and ruled that Dr. Bivens' December 22, 2003 report was not sufficient to overcome the motion for summary judgment.
¶ 18. Without expert medical testimony, we find that the circuit judge was correct to grant the summary judgment as to the claim for medical negligence. Neither the Johnsons's discovery responses, the designation of expert witness, nor the December 22, 2003 report established the appropriate standard of care or opined that Dr. Burns-Tutor breached the standard of care.
¶ 19. The Johnsons argue that they should be allowed to proceed with a claim *159 for lack of informed consent, although it was not clearly pled or argued. In Jamison v. Kilgore, 905 So.2d 610, 613 (¶ 12) (Miss.Ct.App.2004), this Court held that proof of lack of informed consent requires expert medical testimony. The supreme court affirmed Jamison and held that expert testimony is required to prove proximate cause and injury. The court determined that "expert testimony is necessary to inform the fact-finder of exactly what information the doctor should have communicated to the patient, thus explaining what constituted a breach of care." Jamison v. Kilgore, 903 So.2d 45, 49 (¶¶ 13, 14) (Miss.2005).
¶ 20. The record indicates that Kirsten initialed several pages of pre-printed forms that informed her of the general surgical risks and the specific surgical risks of liposculpture and abdominoplasty. It specifically listed the following among these risks for abdominoplasty:
Incisions (scars): After a full abdominoplasty, you will have a long scar above the pubic hairline extending toward the flanks or beyond, as well as a scar around the umbilicus (belly button) and possibly a shorter vertical scar in the midline just above the pubic hairline. You should discuss your incision lines with Dr. Burns-Tutor, and plan the incision to accommodate, within limits, different clothing and bathing suit styles. (In case of extreme skin redundancy  that is, after massive weight loss  a vertical scar extending from the pubic hairline to the lower end of the breastbone may result.)
After a "mini-abdominoplasty," you will have neither (sic) a scar around the umbilicus nor any possibility of a vertical scar. The horizontal scar above the pubic hairline will be shorter than the scar after a full abdominoplasty. Redness, thickness, and some widening of these scars to a variable extent will occur once you return to normal activities. Incisions placed in high-tension areas (i.e.abdomen, shoulders, knees) tend to create slightly wider scars.
If you have chosen an extended abdominoplasty, the scars will extend around the hips toward the back.
¶ 21. The question is whether Kirsten's scars were in the correct location. We have reviewed the photographs of Kirsten's scars. However, without the testimony of a medical expert, neither this Court nor a jury can understand what information Dr. Burns-Tutor should have disclosed to Johnson before she consented to the procedure. Whittington v. Mason, 905 So.2d 1261, 1266(¶ 24) (Miss.2005). Hence, we do not agree that the location of an abdominoplasty scar is within the common sense or practical experience of a layman. Therefore, we find that the circuit judge did not abuse her discretion in granting summary judgment in favor of Dr. Burns-Tutor.
¶ 22. We affirm.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.