ROBERTS, J.,
for the Court:
¶ 1. This appeal stems from the Jones County Board of Supervisors’ (the Board) decision to relocate the Jones County Department of Human Services (DHS) from Laurel, Mississippi, to Ellisville, Mississippi. Anthony J. Hudson appealed the Board’s decision to the Jones County Circuit Court. The Board filed a motion to dismiss Hudson’s appeal. Within its motion, the Board argued that Hudson lacked standing to challenge the Board’s decision. The circuit court granted the Board’s motion and dismissed Hudson’s appeal. Aggrieved, Hudson appeals.
STANDARD OF REVIEW
¶ 2. A review of a circuit court’s decision to grant a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) raises an issue of law, which requires a de novo review. Burgess v. City of Gulfport, 814 So.2d 149, 151-52 (¶ 9) (Miss.2002). When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. Id.
ANALYSIS
¶ 3. Hudson claims the circuit court erred when it granted the Board’s motion to dismiss. Hudson argues that he had standing to challenge the Board’s decision because he receives Supplemental Nutrition Assistance Program (SNAP) benefits. Hudson also claims he has standing to challenge the Board’s decision because he is defending the interest “of the unwed mothers, the elderly, the low[-]income [citizens,] and disabled [citizens].”
¶ 4. “Mississippi’s standing requirements are quite liberal.” Burgess, 814 So.2d at 152 (¶ 13). “[F]ederal courts adhere to a stringent definition of standing, limited by Article] 3, [section] 2 of the United States Constitution to a review of actual cases and controversies, [but] the Mississippi Constitution contains no such restrictive language. Therefore, [the Mississippi Supreme Court] has been ‘more permissive in granting standing to parties who seek review of governmental actions.’ ” Id. (quoting State v. Quitman County, 807 So.2d 401, 405 (¶ 11) (Miss.2001)).
¶ 5. “In Mississippi, parties have standing to sue when they assert a color-able interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise provided by law.” Burgess, 814 So.2d at 152-53 (¶ 13) (citation and quotation omitted). “ ‘[C]olorable,’ when used to describe a claim or action, means ‘appearing to be true, valid, or right.’ ” Hall v. City of Ridgeland, 37 So.3d 25, 33 n. 6 (Miss.2010) (quoting Schmidt v. Catholic Diocese of Biloxi, 18 So.3d 814, 827 n. 13 (Miss.2009)).
 ¶ 6. “[T]o establish standing on grounds of experiencing an adverse effect from the conduct of the defendant/appel-lee, the adverse effect experienced must be different from the adverse effect experienced by the general public.” Id. at 33-34 (¶ 24). Hudson does not claim to own any property at or nearby the prospective sites of the county DHS office in either Laurel or Ellisville. Hudson would simply prefer that the Board locate the county DHS office in Laurel instead of Ellisville. Essentially, Hudson argues he has standing to challenge the Board’s decision because he receives SNAP benefits and because he represents the interests of “the unwed *1151 mothers, the elderly, the low[-]income [citizens,] and disabled [citizens].” Regarding his representation of single mothers, elderly citizens, low-income citizens, and disabled citizens, Hudson is not an attorney. Although it is a noble sentiment, it is factually incorrect to characterize Hudson as representing people who fit within those categories. Hudson represents himself and no one else. It is unclear why Hudson finds the location of the county DHS office in Ellisville to be an adverse effect — perhaps it will require additional travel time or greater travel expense — but the adverse effect of placing the county DHS office in Ellisville as opposed to Laurel is certainly the same adverse effect that any recipient of SNAP benefits who lives in Laurel. Consequently, that adverse effect must be considered to be the same adverse effect that would be experienced by members of the general public who happen to live in Laurel and receive assistance from the county DHS office.
¶ 7. Taking the allegations in Hudson’s appeal to the circuit court to be true, it is beyond doubt that Hudson will not be able to establish any adverse effect other than that experienced by a member of the general public regarding the Board’s decision to locate the county DHS office in Ellis-ville. Accordingly, we find that the circuit court was correct when it granted the Board’s motion to dismiss. It follows that we find no merit to Hudson’s appeal. Because Hudson lacked standing to challenge the Board’s decision, any other issues on appeal are rendered moot. Therefore, we affirm the judgment of the circuit court.
¶ 8. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, P.J.