ROBERTS, J.,
dissenting:
¶ 19. The majority reverses and remands the City of Mendenhall’s decision to adopt Ordinance 244, which closed and vacated a portion of East Court Street in Mendenhall, Mississippi. According to the majority, the record is insufficient to support the City’s decision. With utmost respect for the majority, I find that there is insufficient evidence that Miriam Hopkins, Eldon Sewell, Dina Sewell, Abbie Patrick, Jaris Patrick, Jovita Boggan, Rita Wiggin-ton, or Ann Womack (collectively “Appellants”) have standing to challenge the City’s decision. Accordingly, I dissent.
¶ 20. “Before a municipality may close a public road, it must (1) find the closing is for the public good and (2) compensate abutting landowners for any damages. However, a city may not close a road just to benefit a private party.” Mill Creek Props., Inc. v. City of Columbia, 944 So.2d 67, 69-70 (¶ 8) (Miss.Ct.App.2006) (internal citations omitted). “Generally, a landown *171 er on a partially closed road, whose land is on the opened portion, cannot claim damages if he still has reasonable access to the general system of roads [unless] ... the road closing leaves the landowner in a eul[-]de[-]sac-"Id. at 70 (¶ 14) (internal citations omitted). “If a landowner is not abutting the closed portion of the road, he must prove special damages in order to recover.” Id. at 71 (¶ 17).
¶ 21. There is no evidence that any of the Appellants are landowners whose properties abut the closed portion of East Court Street. As the majority notes, the City found that the First Baptist Church of Mendenhall was the only entity that owned property that adjoined the closed portion of East Court Street. The City also found that “the closing of [the] portion of East Court Street will cause minimal inconvenience to the general public due to [the availability of] numerous alternative streets.” There is no evidence that any of the Appellants proved that they had special damages. The Appellants’ general complaint is based on the concept that the closed portion of East Court Street was useful to the general public. Simple inconvenience is insufficient to demonstrate that one is entitled to damages. See, e.g., City of Hattiesburg v. Colson, 236 Miss. 237, 239-40, 109 So.2d 868, 869 (1959). Even if the Appellants had been adjoining landowners, which they are not, “[diverting traffic onto a new road is not special damages for which a landowner may recover.” Mill Creek, 944 So.2d at 71 (¶ 17) (citation omitted).
¶22. Regarding standing, this Court has recently stated:
Mississippi’s standing requirements are quite liberal. Federal courts adhere to a stringent definition of standing, limited by Article 3, [S]eetion 2 of the United States Constitution to a review of actual cases and controversies, but the Mississippi Constitution contains no such restrictive language. Therefore, the Mississippi Supreme Court has been more permissive in granting standing to parties who seek review of governmental actions.
Hudson v. Jones Cnty. Bd. of Sup’rs, 77 So.3d 1148, 1150 (¶ 4) (Miss.Ct.App.2011) (quoting Burgess v. City of Gulfport, 814 So.2d 149, 151-52 (¶ 9) (Miss.2002)) (internal quotations omitted). “In Mississippi, parties have standing to sue when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise provided by law.” Id. at (¶5). “ ‘Colorable,’ when used to describe a claim or action, means ‘appearing to be true, valid, or right.’ ” Id. (quoting Hall v. City of Ridgeland, 37 So.3d 25, 33 n. 6 (Miss.2010)). “To establish standing on grounds of experiencing an adverse effect from the conduct of the defendant/appellee, the adverse effect experienced must be different from the adverse effect experienced by the general public.” Id. at (¶ 6). “[T]he mere fact that [the Appellants] reside in the City is not sufficient to confer standing.” Burgess, 814 So.2d at 153 (¶ 16).
¶ 23. There is no evidence that any of the Appellants experienced any adverse effect that was different from that experienced by the general public in Mendenhall. During the hearing before the circuit court, the Appellants’ attorney merely argued that closing the portion of East Court Street would be inconvenient to the general public, and to do so was unconstitutional. The Appellants’ attorney further argued that the road closing was tantamount to giving a public street to a private entity and noted that “[t]here’s a separation of church and state[.]” According to the Appellants’ attorney, “whatever the church *172 wants, the church gets.”[7] However, the City’s attorney noted that there were nine other streets that provided the same ingress and egress as the closed portion of East Court Street. Furthermore, the City’s attorney argued that the Appellants did not “assert that the City has ... deprived them of any property rights, or injured them in a certain way as to violat[e their] constitutional rights.” Nothing in the record indicates that the Appellants are anything more than people who are unsatisfied with the City’s decision to close a portion of East Court Street. I would find that the Appellants do not have standing to challenge the City’s decision. “Standing is a jurisdictional issue which may be raised by any party or the Court at any time.” DeSoto Times Today v. Memphis Pub. Co., 991 So.2d 609, 611 (¶ 6) (Miss.2008) (quotation omitted). “A lack of standing robs the court of jurisdiction to hear the case.” Pruitt v. Hancock Med. Ctr., 942 So.2d 797, 801 (¶ 14) (Miss.2006) (citation and quotation omitted). Consequently, I would dismiss the Appellants’ appeal. Because the majority reverses the City’s decision and remands this matter to the circuit court with instructions that the City must provide factual findings underlying its decision to adopt Ordinance 244, I respectfully dissent.
GRIFFIS, P.J., MAXWELL AND FAIR, JJ., JOIN THIS OPINION.

. The record indicates that two of the five aldermen who voted on the resolution to close a portion of East Court Street were members of the First Baptist Church of Mendenhall. However, those two aldermen recused themselves from the vote on the issue.