# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00209-COA

**HIGH SIERRA TAX SALE PROPERTIES, LLC**
**AND GJ TAX SALE PROPERTIES, LLC**                      **APPELLANTS**

**v.**

**ROBERT M. DALEY AND JEREMIA R. DALEY**                 **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/08/2014 |
| TRIAL JUDGE: | HON. D. NEIL HARRIS SR. |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | JON JERDONE MIMS |
| ATTORNEYS FOR APPELLEES: | LEWIE G. NEGROTTO IV |
| | MATTHEW JAMES CRITTENDEN |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEES' CROSS-MOTION |
| | FOR SUMMARY JUDGMENT |
| DISPOSITION: | AFFIRMED AND REMANDED - 08/11/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., ISHEE AND MAXWELL, JJ.

### ISHEE, J., FOR THE COURT:

¶1.     High Sierra Tax Sale Properties LLC (High Sierra) and GJ Tax Sale Properties LLC (GJ) filed lawsuits against Robin Duckett a/k/a Robin Williams (Duckett) regarding the tax sale of two pieces of property in Jackson County, Mississippi, that occurred on August 31, 2009.  High Sierra and GJ purchased two parcels of property that were jointly owned by Duckett and Roger Baugh as tenants in common.  Two years after the purchase, Robert M. Daley and Jeremia R. Daley obtained a quitclaim deed to Duckett's interest in the property. High Sierra and GJ filed two separate lawsuits, which were later consolidated, and the Daleys

were substituted for Duckett. The chancellor ultimately denied High Sierra and GJ's motion for summary judgment and granted the Daleys' cross-motion for summary judgment. High Sierra and GJ filed this appeal.

**FACTS**

¶2. High Sierra and GJ purchased two parcels of land at a tax sale on August 31, 2009, for the 2008 Jackson County ad valorem taxes. The parcels had previously been jointly owned by Duckett and Baugh as tenants in common. High Sierra and GJ argue that the properties matured on August 31, 2011. On May 22, 2012, High Sierra and GJ filed lawsuits to confirm the tax sales of the properties. The cases were originally filed as two separate lawsuits, but were then consolidated at High Sierra and GJ's request.

¶3. On June 11, 2012, the Daleys obtained a quitclaim deed from Duckett, transferring Duckett's interest in the land to them. On June 15, 2012, the Daleys filed their answer to High Sierra and GJ's complaint, and simultaneously filed a motion to substitute parties seeking to replace Duckett in the lawsuit. A hearing was held on December 13, 2013, and the chancellor granted the Daleys' motion to substitute parties.

¶4. High Sierra and GJ filed a motion for summary judgment, and the Daleys filed a cross-motion for summary judgment. The chancellor denied High Sierra and GJ's motion for summary judgment, and he granted the Daleys' cross-motion for summary judgment. High Sierra and GJ now appeal to this Court alleging the following issues: (1) the chancellor erred in finding that the Daleys have standing to contest the tax sale; (2) the chancellor erred in allowing the Daleys to be substituted as parties; and (3) High Sierra and GJ are entitled to

2

damages reflecting their lien on the property if this Court affirms the chancellor's order.

## STANDARD OF REVIEW

¶5.    When reviewing the grant or denial of a motion for summary judgment, this Court utilizes the same standard as the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. *Johnson v. Burns-Tutor*, 925 So. 2d 155, 157 (¶10) (Miss. Ct. App. 2006) (citing *McMillan v. Rodriguez*, 823 So. 2d 1173, 1176 (¶9) (Miss. 2002)).  A de novo standard of review is used when evaluating a trial court's grant or denial of summary judgment, and all evidence is examined in the light most favorable to the party against whom the motion was made. *Partin v. N. Miss. Med. Ctr. Inc.*, 929 So. 2d 924, 928 (¶13) (Miss. Ct. App. 2005) (citing *Williamson ex rel. Williamson v. Keith*, 786 So. 2d 390, 393 (¶10) (Miss. 2001)).  A party is entitled to summary judgment if "there is no genuine issue of material fact, and the moving party is entitled to [a] judgment as a matter of law." *McMillan*, 823 So. 2d at 1177 (¶9) (citation omitted).

## DISCUSSION

I.    **Whether the chancellor erred in denying Appellants' motion for summary judgment and granting Appellees' cross-motion for summary judgment, including the primary issue of whether the chancellor erred in finding that the Daleys have standing to contest the tax sales at issue.**

A.    **Notice Requirement**

¶6.    High Sierra and GJ filed their motion for summary judgment on July 29, 2013.  In their motion, High Sierra and GJ alleged that the Daleys lacked standing because they did not suffer an injury, nor did they lose an afforded due-process protection.  In addition, High

3

Sierra and GJ asserted that the Daleys did not act in good faith when procuring their quitclaim deed to the properties.

¶7. The Daleys filed their response and a cross-motion for summary judgment. In their motion, the Daleys argued that the chancery clerk did not have the authority to issue the clerk's conveyance of the properties to High Sierra and GJ because the chancery clerk failed to properly comply with the statutory notice requirement found in Mississippi Code Annotated section 27-43-1 (Rev. 2010). Furthermore, the Daleys argued that High Sierra and GJ are "professional tax purchasers" to which the rule of caveat emptor applies.

¶8. After hearing from both sides on their respective motions, the chancellor found that the tax sales in question were void for failure to give proper notice of forfeiture to the property owners. Accordingly, he ordered that any related conveyances by the chancery clerk were to be set aside.

¶9. In their motion for summary judgment, High Sierra and GJ claimed that separate notices for the two parcels of property were issued and mailed to Duckett and Baugh on June 29, 2011. High Sierra and GJ asserted that the notices informed Duckett and Baugh of the sale and stated that "title to the land would become absolute in the purchaser[s] unless redemption was made on or before August 31, 2011." While the record contains an affidavit from the chancery court's supervisor of land records, it does not contain a copy of the notice confirming the date it was mailed or the language used in the notice. However, the documentation attached to High Sierra and GJ's motion for summary judgment labeled "Exhibit 1" shows that Duckett signed for the delivery of both Duckett's and Baugh's notices

on July 8, 2011.

¶10. Mississippi Code Annotated section 27-43-1 reads as follows:

> The clerk of the chancery court shall, within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption with respect to land sold, either to individuals or to the state, be required to issue notice to the record owner of the land sold as of 180 days prior to the expiration of the time of redemption[.]

Per the statute, the landowners, Duckett and Baugh, should have received notice no later than July 3, 2011; however, they did not receive notice until July 8, 2011, which was less than sixty days prior to the expiration of the time of redemption on August 31, 2011.

¶11. In addition to the notice requirement in section 27-43-1, Mississippi Code Annotated section 27-43-3 (Supp. 2014) provides that the chancery clerk "shall also be required to publish the name and address of the reputed owner of the property and the legal description of the property in a public newspaper of the county in which the land is located." Notice was published in the *Mississippi Press*, the local newspaper, on July 17, 2011; however, the notice named "Duckett Robin et al[.]" and does not name Baugh as the property owner. The Mississippi Supreme Court "has held that section 27-43-3 'contemplates that each owner shall receive the notice required by the statute.'" *Rebuild Am. Inc. v. Milner*, 7 So. 3d 972, 976 (¶15) (Miss. Ct. App. 2009) (quoting *Brown v. Riley*, 580 So. 2d 1234, 1237 (Miss. 1991)).

¶12. "Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners." *Wachovia Bank N.A. v. Rebuild Am. Inc.*, 56 So. 3d 586, 588 (¶10) (Miss. Ct. App. 2011) (quoting *Brown*, 580 So. 2d at 1237). This Court has

5

specifically held that "[a]ny deviation from the statutorily mandated procedure renders the sale void." *Moore v. Marathon Asset Mgmt. LLC*, 973 So. 2d 1017, 1021 (¶14) (Miss. Ct. App. 2008) (citation omitted). It is evident that the chancery clerk failed to issue proper notice of forfeiture to the property owners.

### B. Standing

¶13. Mississippi has very liberal standing requirements. *Hudson v. Jones Cnty. Bd. of Sup'rs*, 77 So. 3d 1148, 1150 (¶4) (Miss. Ct. App. 2011) (quoting *Burgess v. City of Gulfport*, 814 So. 2d 149, 152 (¶13) (Miss. 2002)). "In Mississippi, parties have standing to sue when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise provided by law." *Id*. at (¶5). When used in this context, the supreme court defines colorable as "appearing to be true, valid, or right." *Id*. (quoting *Hall v. City of Ridgeland*, 37 So. 3d 25, 33 n.6 (Miss. 2010)).

¶14. We find that the tax sales to High Sierra and GJ were void for failure to properly notify the property owners of the forfeiture. As such, we affirm the chancellor's order that the chancery clerk's conveyances be set aside. Therefore, we find the Daleys do have standing in this matter since the title to the properties was properly conveyed to them.

### II. Whether the chancellor erred in allowing the Daleys to be substituted as parties and setting aside the entry of default.

¶15. On February 11, 2013, High Sierra and GJ filed a motion for an entry of default against Duckett, Baugh, and "All Other Persons, Firms and Corporations, Having or Claiming Any Legal or Equitable Interest" in the two parcels of land. The motion was granted. On November 25, 2013, the Daleys filed a motion to set the default aside based on

the fact that they had filed their answer and counterclaim on June 15, 2012, along with their motion for substitution of parties, in which the Daleys requested to be substituted in the place of Duckett. The chancellor allowed the Daleys to be substituted, to which High Sierra and GJ object.

¶16. Motions to substitute brought pursuant to Mississippi Rule of Civil Procedure 25(c) are left to the trial court's discretion. *Citizens Nat'l Bank v. Dixieland Forest Prods. LLC*, 935 So. 2d 1004, 1008 (¶13) (Miss. 2006). We will affirm the decision of the trial court "unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *Id.* at 1008-09 (¶13) (quoting *Amiker v. Drugs for Less Inc.*, 796 So. 2d 942, 948 (¶24) (Miss. 2000)).

¶17. Rule 25(c) allows for "the person to whom the interest is transferred to be substituted in the action." Because Duckett completed a valid transfer of her interest in the property to the Daleys, we find that the Daleys were properly substituted as parties to this lawsuit. This issue is without merit.

### III. Whether High Sierra and GJ are entitled to damages reflecting their lien on the properties.

¶18. High Sierra and GJ argue that, in the event this Court finds that the Daleys have standing and the chancellor's order is affirmed, they are entitled to all amounts owed pursuant to Mississippi Code Annotated section 27-45-3 (Rev. 2010). High Sierra and GJ allege that "[t]o the extent the tax deeds and sales are set aside, the interest of GJ and High Sierra continues to be a lien on the subject property until all redemption amounts are paid to GJ and High Sierra." We agree.

¶19. Under Mississippi law, High Sierra and GJ are entitled to the amounts due to them as provided by Mississippi Code Annotated section 27-45-3. The statute reads as follows:

> The owner, or any persons for him with his consent, or any person interested in the land sold for taxes, may redeem the same, or any part of it, where it is separable by legal subdivisions of not less than forty (40) acres, or any undivided interest in it, at any time within two (2) years after the day of sale, by paying to the chancery clerk, regardless of the amount of the purchaser's bid at the tax sale, the amount of all taxes for which the land was sold, with all costs incident to the sale, and five percent (5%) damages on the amount of taxes for which the land was sold, and interest on all such taxes and costs at the rate of one and one-half percent (1-1/2%) per month, or any fractional part thereof, from the date of such sale, and all costs that have accrued on the land since the sale, with interest thereon from the date such costs shall have accrued, at the rate of one and one-half percent (1-1/2%) per month, or any fractional part thereof . . . .

*Id*.

¶20. We find this issue is to be remanded to the chancery court so the chancellor can calculate the amount of taxes due and owing, plus interest and damages. *See Lawrence v. Rankin*, 870 So. 2d 673, 677 (¶21) (Miss. Ct. App. 2004).

¶21. **THE JUDGMENT OF THE JACKSON COUNTY CHANCERY COURT IS AFFIRMED, AND THIS CASE IS REMANDED FOR CALCULATION OF DAMAGES OWED TO THE APPELLANTS PURSUANT TO THE FINDINGS OF THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANTS AND ONE-HALF TO THE APPELLEES.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. WILSON, J., NOT PARTICIPATING.**