GILLESPIE, Presiding Justice:
The Mississippi State Highway Commission (hereinafter called appellant or Commission) filed an eminent domain suit in *570 the County Court of Lauderdale County against the named appellees, owners of the Valley Motel property (hereinafter called Owners), condemning three small parcels of land off the front and side of the Valley Motel property which fronts on the right of way of U. S. Highways 11 and 80 in the City of Meridian. One parcel consisting of .005 acres was condemned as permanent right of way for drainage purposes; another parcel consisting of .038 acres was condemned as a temporary easement to support a fill and provide working space in constructing a frontage road; and the third parcel consisting of .04 acres was condemned for use in the drainage system. The three parcels totaled .083 acres, and extended across the entire front of the Valley Motel property and along part of one side. The jury assessed the damages at $23,001.00 and upon appeal to the circuit court the judgment of the county court was affirmed. The Commission appealed to this Court. We affirm.
The Valley Motel property consists of 2.38 acres fronting about two hundred feet on U. S. Highways 11 and 80 (locally called Tom Bailey Drive), and had direct access to these highways, which, at that point, occupy the same right of way. The Valley Motel has a brick front and wooden sides and rear. The manager’s apartment and office are located nearer to the highway than the motel. The property condemned is to be used in the construction of a two-lane service road between the Valley Motel property and the existing four lanes of Tom Bailey Drive. Before the taking, Owners and their customers had direct access to the two westbound lanes of Tom Bailey Drive. The two eastbound lanes were divided from the westbound lanes by a median strip, which had an opening so that eastbound travelers could travel past the Valley Motel a short distance, pass through the median strip, and return to the Valley Motel driveway. A traveler leaving the Valley Motel desiring to go east could drive into the westbound lanes, travel a short distance and turn east through an opening in the median strip.
After the taking and construction of the service road, a person traveling from east to west, after seeing the Valley Motel, will be able to reach the Valley Motel only by traveling to the interchange at 22nd Avenue, turning right, crossing over a creek bridge, and turning right at a stop light to get on the frontage road, then going back east to the motel, a total distance of about two miles. If a traveler going east decides to go into the Valley Motel when he observes it on his left, he will travel east to the interchange of Tom Bailey Drive with Highways 19 and 45, travel through the interchange, then turn left to get on the service road and return to the Valley Motel, a total distance of about a mile and a half. The Commission is converting Tom Báiley Drive from a conventional direct access highway to a limited access highway.
After the taking, traffic on the frontage road will be within seven feet of the manager’s home and office of the Valley Motel. Eleven shade trees will be taken. A concrete wall will be constructed within about two feet of the wall of the motel office up to about the level of the windows. A sign will be taken or removed. Shrubbery and two brick planters are within the area condemned.
Appellant’s assignments of error numbers 1, 2, 7 and 13 are argued together, and all involve the question whether an order adopted by the Commission on July 11, 1950, and duly published under the authority of Subsection (h), Section 11, Chapter 6, Laws Extraordinary Session 1949, converted Tom Bailey Drive into a limited access highway. This issue was stated in full and decided adversely to the Commission in Mississippi State Highway Commission v. Null, 210 So.2d 661 (Miss.1968).
Assignments of error numbers 3 and 4 involve the action of the trial judge in calling witnesses J. T. Gartman and *571 Charles C. Lee, and questioning them to determine if they had authorized one Foreman to sign an application to the Commission for authority to construct a driveway in April 1952, which application contained certain agreements with reference to the access to the property involved in this case. When the document was offered, the trial judge declined to admit it because it was not shown that Foreman owned the property or had authority to act on behalf of the then owners, Gartman and'Lee. Apparently the trial judge thought he should call Gartman and Lee to the witness stand and question them in order to determine whether the document was admissible. Conceding arguendo, that the procedure was irregular, we are unable to say that áppel-lant was harmed. At the time the trial judge called Gartman and Lee to testify, the document was not admissible, and the only party that the judge’s action could have helped was the appellant. If Gart-man and Lee had testified that they authorized Foreman to make the application, the document would no doubt have been admitted in evidence. Their denial of such authority did not put appellant in any worse position than before.
Assignments of error numbers 5, 6 and 10 are argued together. These assignments of error are based on the action of the trial court in overruling appellant’s objection to testimony of appraisers concerning the large volume of out-of-state vehicular traffic on Tom Bailey Drive, and how traffic volume affects the value of motel property of the type involved in this case. Appellant contends that the admission of this evidence is reversible error under authority of Morris v. Mississippi State Highway Commission, 240 Miss. 783, 129 So.2d 367 (1961), where this Court said:
An abutting landowner has no right to the continuation of the flow of traffic past his property and the diminution in the value of land occasioned by public improvements that diverts the flow of traffic past an owner’s property is not compensable. Such changes are made in the exercise of the police power and do not constitute the taking or damaging of a property right. (240 Miss. at 789, 129 So.2d at 369).
The Owners offered the testimony of three real estate appraisers. They testified that the highest and best use of the property was that of a low cost motel, and its value was directly affected by the volume of traffic and direct access to the highway carrying this traffic. It was their opinion that this particular type of motel property would be damaged more by limitations placed on access to the highway than other types of motel property, such as the expensive ones, and gave reasons for this difference. They were of the opinion that the denial of direct access to the highway and requiring traffic to follow lengthy and circuitous routes through the interchanges to reach the motel would greatly reduce the value of the property. We are of the opinion that this testimony was admissible. These witnesses considered the large volume of traffic on Tom Bailey Drive as one of the factors in estimating the before taking value of the property. In giving their opinion of the after taking value they considered the effect of limiting access to the highway. Appraisers may take into consideration the purposes for which the property is best suited and the effect of traffic volume on values as a means of ascertaining what reasonable purchasers would probably be willing to give for it. All of this testimony was related by the witnesses to the before and after taking values. Admission of this evidence does not impinge on the rule in Morris, supra, where traffic was diverted to a new highway facility but no limitation was placed on the existing access. In the present case, traffic has not been diverted; the existing access rights have been taken and more circuitous routes of access substituted.
Assignments of error numbers 8 and 9 involve admission of testimony con *572 cerning other motels in the vicinity of Valley Motel. This line of testimony was introduced by appellant who is not in a position to complain.
Assignment of error number 11 consists of complaint concerning a statement made by the trial judge in ruling on an objection made by Owners’ counsel. The statement was unnecessary and should not have been made, but in our opinion was not harmful. Moreover, no objection was made to the statement, no request was made to admonish the jury to disregard the statement, and the matter is raised for the first time in this Court.
Assignment of error number 12 consists of complaint that four instructions given Owners were erroneous. Reading these instructions with the others does not indicate that the jury was mislead.
Finally, assignment of error number 14 involves the amount of damages which appellant contends is excessive. The argument on this assignment is grounded largely on the contention that the jury was improperly allowed to consider the taking of the right of direct access to Tom Bailey Drive and substituting access to the service road. We have already noted that this was not error.
The question of the amount of this verdict has given the court considerable concern. All of the judges believe it is high. The jury had the advantage of viewing the premises and seeing for themselves all of the aspects of the question. The appellant’s appraisers estimated the damages on the assumption that Owners were not entitled to compensation because of the taking of the right of direct access to Tom Bailey Drive. The case was tried before the decision of this Court in Null, supra. The three appraisers who testified for Owners took into consideration the fact that direct access rights were taken and limited access rights substituted. This makes any comparison between the two sets of appraisers practically meaningless. The appraisers for Owners were of the opinion that the greatest damage to the property was loss of the right of direct access, one of the factors considered in arriving at the before and after values.
The two sets of appraisers are in general agreement as to the value of the land itself, which is worth about $17,500 per acre. They are not very far apart on the overall value of the Valley Motel property before the taking. Appellant’s three appraisers estimated the total value of the property from $66,800 to $75,000 before the taking, and from $63,025 to $71,000 for the property remaining after the taking, with resulting damage from $3,775 to $4,200. The three appraisers for Owners estimated the value of the property before the taking from $91,453 to $99,516 and the value of the remaining property after the taking from $42,999 to $63,410, with resulting damages from $36,105 to $51,791. The two sets of witnesses differed considerably on the following specific items of damages the Owners sustained; (1) the business sign which was in the area of the easement taken ; (2) the fact that traffic on the service road will be within seven feet of the office and manager’s home; (3) the taking of eleven shade trees; (4) erecting a masonry wall about up to the window immediately next to the wall of the building housing the office and manager’s home; (5) the taking of shrubbery in the easement area; (6) the taking of all or part of two brick planters in the easement area.
The Owners offered proof by the testimony of their appraisers that the Valley Motel is a small, low cost facility without national connections or advertising, and its value is directly related to easy and direct access to the traveled part of Tom Bailey Drive. Plausible reasons were given by these appraisers as a basis for their opinion that the taking of the right of direct access to Tom Bailey Drive substantially depreciated the value of the property. This evidence is undisputed. The jury did not accept the amount of damages testified *573 to by Owners’ appraisers and evidently believed that the appraisers overestimated the damages. We are of the opinion that because of the specific items of damage, the value of the land actually taken, and the depreciation resulting from the taking of the right of direct access, this Court cannot say that the verdict is so excessive as to evince bias, passion or prejudice, or that the jury failed to respond to reason. Under these circumstances this Court should not substitute its judgment for that of the jury-
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.