GILLESPIE, Chief Justice:
Joe F. Burrage and his wife, Juanita P. Burrage, (landowners) appeal from what they contend is an inadequate verdict rendered by a Special Court of Eminent Domain of Lowndes County, Mississippi. The jury awarded landowners damages of $4,200 for the condemnation of 2.8 acres by the Mississippi State Highway Commission.
Three witnesses for the Commission estimated damages from $1,870 to $2,800. The landowners presented five witnesses who estimated damages from $9,400 to $23,658.
After careful consideration of the questions argued we find that the jury’s *253 verdict was supported by substantial evidence and we cannot say that it was so, grossly inadequate as to justify this Court in disturbing it.
Of the several assignments of error only the fourth justifies discussion. It raises the question whether it was error to admit testimony of the Commission’s witnesses to the effect that in their opinion the landowners suffered no damages from the loss of direct access to the main highway. The remaining land will abut a service road rather than the main highway as the property did prior to the taking. The facts relative to this question are as follows.
Before the taking landowners owned a vacant eight-acre tract of land lying on the south side of U.S. Highway 82, having a frontage of approximately 395 feet on U.S. 82, with direct access to the highway. The property lies approximately six miles west of Columbus, three miles west of the terminus of a four-lane bypass in use at the time of the taking, and 4.4 miles west of the intersection of that bypass with U.S. Highway 45. It is located 1.6 miles east of the Golden Triangle Regional Airport Road. The suit condemned the northern 2.80 acres, leaving 5.20 acres remaining. The proof showed that a frontage or service road will be constructed along the north boundary of the remaining land, to which the landowners will have direct access.
The testimony of the Commission’s witnesses was to the effect that in their opinion the highest and best use of the land was for residential purposes and that landowners suffered no damage by reason of the fact that access was to the service road rather than directly to the main highway. Landowners rely principally upon Mississippi State Highway Commission v. Ray, 215 So.2d 569 (Miss.1968); Mississippi State Highway Commission v. Null, 210 3o.2d 661 (Miss.1968), and Mississippi State Highway Commission v. Finch, 237 Miss. 314, 114 So.2d 673 (1959).
Wé have carefully considered each of the cases relied upon by landowners and find that each involved commercial property. The Burrage property was not being used for commercial purposes and only one or two commercial establishments were located in the general area. The Commission’s witnesses were justified in believing that the highest and best use of the property was for residential purposes and that landowners did not suffer any damages from the loss of access.
Mississippi Code 1972 Annotated section 65-5-5, under which controlled or limited access highways may be established, provides that no existing public highway shall be converted into a controlled-access facility except with the consent of the owners of the lands abutting the highway or with the purchase or condemnation of the access rights of the abutting landowners. If the only thing condemned were the limitation on the right of access, at least nominal damages would have to be paid. The statute does not require the payment of substantial damages as a matter of law if in fact such damages were not sustained by the abutting landowners. In the present case there is no way to determine how the jury arrived at the damages. It may have allowed substantial damages for the limitation of access.
The crucial question is whether it was error to allow the Commission’s appraisers to testify that in their opinion the landowners did not sustain damages because of the limitation of access. We are of the opinion that the Commission’s witnesses were entitled to give their opinion that there was no damage, just as the landowners’ witnesses were entitled to their opinion that the landowners sustained substantial damages by reason of the limitation of access.
We cannot say that the verdict of the jury is so inadequate as to justify this Court in disturbing it. We find no reversible error and the case is affirmed.
Affirmed.
PATTERSON, INZER, WALKER and BROOM, JJ., concur.