GILLESPIE, Chief Justice:
The Mississippi State Highway Commission filed its application for a special court of eminent domain for the purpose of condemning .96 of an acre of land belonging to Merle C. Fraser. The trial resulted in a verdict in favor of Fraser for $5,000, and Fraser perfected an appeal to this Court.
Prior to the taking Fraser owned five acres of vacant land fronting 417.4 feet on U. S. Highway 82, which is a two-lane thoroughfare with the right of direct access. After the taking the remaining 4.08 acres of Fraser’s property will abut a service road with limited access to U. S. Highway 82. The property is about four miles west of Columbus and prior to the taking the west end of a limited access portion of Highway 82 ended 150 feet east of the Fraser land.
The three appraisers for the Highway Commission estimated the value of the five acres before the taking from $7,100 to $11,250, and the value of the remaining land after the taking from $5,250 to $7,740, with damages to Fraser from $1,850 to $3,510. All three were of the opinion that limiting access to the Fraser property did not damage the remaining land. Two of the Commission’s witnesses were of the opinion that the highest and best use of the property was for residential purposes. The other conceded it was commercial property. Seven witnesses for Fraser estimated the value of the property before the taking from $35,000 to $65,000, and the value of the property remaining after the taking from $1,600 to $20,870, with resulting damages from $31,305 to $39,400. All of the witnesses testifying for Fraser were *457 of the opinion that the highest and best use of the property was for commercial purposes.
Mississippi State Highway Commission v, Taylor, 293 So.2d 9 (Miss.1974), involved property located directly across the highway from the Fraser land. The Court is urged in effect to equalize the amount of damages for the Fraser property with that awarded Taylor. We will not attempt to equalize verdicts as between different litigants. This would require every case to be studied in relation to the details of the evidence in every other case and would be wholly impractical.
Mississippi Code 1972 Annotated section 65 — 5—5, whereby the highway authorities are authorized to establish limited access facilities, provides in part as follows :
No existing public street or highway shall be converted into a controlled-access facility except with the consent of the owners of lands abutting said freeway or with the purchase or condemnation of the access rights of said abutting landowners.
The testimony indicates that commercial property sustains greater damage from limitation of access than does residential property. The case law is to the same effect. Mississippi State Highway Commission v. Ray, 215 So.2d 569 (Miss.1968) ; Mississippi State Highway Commission v. Null, 210 So.2d 661 (Miss.1968); Mississippi State Highway Commission v. Finch, 237 Miss. 314, 114 So.2d 673 (1959); Carney v. Mississippi State Highway Commission, 233 Miss. 598, 103 So.2d 413 (1958).
Prior to the taking Fraser had direct access to U. S. Highway 82, with a daily traffic count of 5,000 to 6,000 cars. After construction of the frontage road the nearest exchange east of the Fraser property will be one and two-tenths miles. The nearest interchange providing access to U. S. Highway 82 west of the Fraser property will be four and one-half miles.
 The verdict is not so grossly inadequate as to justify interference of the function of the jury. The amount awarded is higher than the highest estimate of damage given by Commission’s witnesses. A substantial sum may have been awarded for the limitations placed on access to the remaining land. In sum, there is no rational basis for a finding that the award is so grossly inadequate as to justify a reversal or an additur. The Court may not substitute its opinion on values for that of the jury whose actions were approved by the trial judge upon the motion for a new trial.
After careful review of the various assignments of error and the arguments in support thereof, we are of the opinion that the record does not reveal reversible error. The case is therefore affirmed.
Affirmed.
INZER, ROBERTSON, WALKER and BROOM, JJ., concur.