RUSSELL, J.,
for the Court:
¶ 1. This case involves the closure of a portion of a state aid road in Meridian, Mississippi. The Lauderdale County Board of Supervisors (“Board”) voted in favor of abandoning approximately 1600 feet of Valley Road. Five individuals and the Valley Road Action Committee (collectively referred to as “Committee”) appealed the Board’s decision to the Lauderdale County Circuit Court, which affirmed. The Committee appeals that decision. The Board cross-appeals, asserting that the Committee does not have standing. Upon review, we find no error and affirm.
FACTS AND PROCEDURAL HISTORY
II2. On April 19, 2010, after publication of notice of hearing,[1] a public hearing was held to determine whether to close a portion of Valley Road to the public. The minutes of the hearing provided a summary of the proceedings, the evidence presented, and the various concerns of the witnesses.
*1244 ¶ 3. The minutes reflect that the proponents’ [2] reasons to close Valley Road were as follows:
[S]afety to Atlas personnel and equipment due to high traffic volumes through the plant; excessive speed of vehicle[s] through the Atlas plant area[;] potential expansion of Atlas plant jeopardized by safety concerns with traffic on Valley Road[;] potential closure of Atlas plan and accompanying loss of hundreds of local jobs; the availability of an alternate and better route in the form of 31st Avenue; ... the closure of the segment of Valley Road would not adversely affect the adjacent interstate and interchange roadway system ...; and ... public interest and convenience did not require the segment of Valley Road to remain open.
¶ 4. The East Mississippi Economic Development Group hired Neel Schaffer Engineers to perform a traffic study. The engineer presented a detailed report and concluded: “The existing and diverted traffic volumes are anticipated to operate at acceptable levels, based on the traffic counts conducted at the study interchanges and the anticipated diversion of Valley Road traffic.”
f 5. The opponents of closing Valley Road,[3] who live in and around the area and own businesses in the area, provided reasons for opposing the closing of Valley Road as reflected in the minutes as follows:
[Ijnconvenience to citizenry using Valley Road; ... Valley Road pre-dated Atlas Roofing; ... businesses located south of Atlas Roofing could be adversely affected; a perception that the James Chaney Historic Site would be less accessible to the public; ... safety concerns expressed by Atlas and its personnel were exaggerated or unsubstantiated; time for emergency vehicles to respond to calls for assistance could be increased; ... 31st Avenue was not a desirable alternate route and involved increased distance to desired locations; and ... public interest and convenience did require[] the segment of Valley Road to remain open.
¶ 6. After hearing testimony at the public hearing on April 19, 2010, the Board voted, three to two, in favor of abandoning approximately 1600 feet of Valley Road. Thereafter, the Board adopted a resolution authorizing the abandonment of Valley Road. The resolution stated that “the public interest or convenience does not require the section ... to remain open to the public, but rather, it is in the public interest or convenience to close, vacate, or abandon said section ... of said Valley Road.” The resolution also directed that it be spread upon the minutes of the Board and that copies be furnished to any adjoining landowners. It is undisputed that the only three adjoining landowners[4] were given notice and that none objected to the Board’s decision.
¶ 7. The Committee appealed the Board’s decision to the Lauderdale County Circuit Court. The Board, in turn, *1245 claimed that the Committee lacked standing. On January 31, 2011, the circuit court entered an order affirming the Board’s decision to close a portion of Valley Road “[d]ue to the continued unsafe conditions on the open portion of Valley Road[.]” The circuit court also found that the Committee had standing. The Committee appeals the circuit court’s affirmance of the Board’s decision to close a portion of Valley Road.
DISCUSSION
I. Whether the Committee has standing
¶ 8. We will first address the Board’s cross-appeal regarding standing. “In Mississippi, parties have standing to sue when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise provided by law.” Hudson v. Jones County Bd. of Supervisors, 77 So.3d 1148, 1150 (¶ 5) (Miss.Ct.App.2011) (quoting Burgess v. City of Gulfport, 814 So.2d 149, 152-53 (¶ 13) (Miss.2002)). Colorable interest, “when used to describe a claim or action, means ‘appearing to be true, valid, or right.’ ” Id. (quoting Hall v. City of Ridgeland, 37 So.3d 25, 33 n. 6 (Miss.2010)). “To establish standing on grounds of experiencing an adverse effect from the conduct of he defendant/appellee, the adverse effect experienced must be different from the adverse effect experienced by the general public.” Id. (quoting Hall, 37 So.3d at 33-34 (¶ 24)).
¶ 9. In the instant case, the circuit court found that the Committee had standing, reasoning as follows:
This [c]ourt held an evidentiary hearing regarding standing on January 11, 2010. After hearing testimony, evidence, and oral arguments[,] this [c]ourt finds that the [Committee] in this case [has] standing. It seems that all five named individuals are members of the Valley Road Action Committee. The Committee is an unincorporated association formed for the sole purpose of opposition to the closing of Valley Road[;] they have a bank account[;] and they have raised the money to fund this appeal. There are minutes kept for each meeting[;] a record of membership is kept[;] and anyone in the community was allowed to join the association.
The majority of the members live south of Atlas Roofing Company and south of the portion of the proposed abandoned portion of Valley Road. They are residents and business owners of the area very near the proposed abandoned portion of Valley Road. Accordingly, the members of this association would be daily affected by the closure, as opposed to other members of the general public who occasionally travel this portion of Valley Road. Therefore, this [c]ourt finds that they have standing to appeal this decision.
¶ 10. We find that the Committee would suffer an adverse effect different from that of the general public. Therefore, the Committee has standing in this case. This issue lacks merit.
II. Whether the Board’s decision was supported by substantial evidence
¶ 11. When this Court reviews a decision by a circuit court concerning an agency action, we apply the same standard of review that the trial courts are bound to follow. Mill Creek Props., Inc. v. City of Columbia, 944 So.2d 67, 69 (¶ 6) (Miss.Ct.App.2006). We must “determine whether the order of the administrative agency: (1) was unsupported by substantial evidence; (2) was arbitrary or capricious; (3) was beyond the power of the administrative agency to make; or (4) violated some stat *1246 utory or constitutional right of the complaining party.” Id. (citing Miss. Sierra Club v. Miss. Dep’t of Envtl. Quality, 819 So.2d 515, 519 (¶ 15) (Miss.2002)).
¶ 12. Our supreme court has defined substantial evidence as “ ‘such relevant evidence as reasonable minds might accept as adequate to support a conclusion’ or ... more than a ‘mere scintilla’ of evidence.” Hall, 37 So.3d at 36 (¶ 33) (quoting Hooks v. George County, 748 So.2d 678, 680 (Miss.1999)). Further, an act is arbitrary when “it is not done according to reason or judgment, but depending on the will alone.” Id. (quoting Burks v. Amite County Sch. Dist., 708 So.2d 1366, 1370 (Miss.1998)). An act is capricious if “done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles.” Id. (quoting Burks, 708 So.2d at 1370).
¶ 13. Mississippi Code Annotated section 65-7-121(1) (Supp.2011) sets forth the requirements for a county board of supervisors to close, vacate, or abandon a public road. Under this statute, a county board of supervisors must find that one of the following conditions exists to abandon a section of a road:
(1) The board of supervisors of any county may, upon its own motion or upon the petition of any interested resident of the county, by resolution spread upon its minutes, declare any section of the county road system abandoned upon its finding that one or more of the following circumstances are applicable to the section in question:
(a) The section does not provide primary access to occupied properties;
(b) Traffic on the section has for a period of at least ten (10) consecutive years been intermittent and of such low volume that no substantial public purpose is being served thereby;
(c) The board of supervisors has, for a period of at least the previous five (5) consecutive years, not maintained such section as part of the county road system; or
(d) For any reason, the public interest or convenience does not require the section to remain open to the public or that it is in the public interest or convenience to close, vacate and abandon the section.
Miss.Code Ann. § 65-7-121(1). In this case, the Board voted to close Valley Road under subsection (d). The minutes reflect that the Board’s reasoning for closing the road was primarily due to safety concerns of the public, Atlas employees, and vendors. We find that the Board’s decision to close a portion of Valley Road was supported by substantial evidence, was not arbitrary or capricious or beyond the Board’s powers, and did not violate any constitutional or statutory right. Therefore, this issue lacks merit.
¶ 14. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR.

. On March 28, 2010, and April 2, 2010, the Board published notice of the April 19, 2010 hearing in the Meridian Star as required under Mississippi Code Annotated section 65-7-121(2) (Supp.2011).

. Proponents of closing Valley Road included Roger Myrick of Atlas Roofing, Mark Bailey of Neel Schaffer Engineering, M.L. Waters of EMBDC, and Michael Sims, who was the chairman of the local union.

. The opponents included: Robert Logan (attorney for the Valley Road Action Committee): Andy Smith (owner of Three Oaks Farms); Sam Thompson; Charles Whitlock (resident); Randy Guttery (VFD); Bob Gray; Jan Gray; Frank Buckley; Cathy Moulds; Marty McCann; Harvey Speed; and Rev. Milton Johnson (NAACP Branch President).

.The adjoining land owners were Atlas Roofing Corporation, the City of Meridian, and Robert E. Green.