JAMES, J.,
for the Court:
¶ 1. Philip Vazzana appeals the Washington County Circuit Court’s order affirming the decision of the City Council of Green-ville, Mississippi, which found that several properties owned by Vazzana were a menace. He argues that (1) he received insufficient notice of the hearing; and (2) the city council’s actions were arbitrary and capricious. Upon review, we find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶2. Vazzana owns four properties in Greenville, Mississippi. On February 9, 2010, the Greenville City Clerk issued a notice to Vazzana, which stated that his four properties were believed to be in a state of uncleanliness to such an extent that they constituted a menace to the public health, as well as the safety and welfare of the community. This notice advised Vazzana that a hearing would be held on March 3, 2010, at 4:00 p.m. to determine whether the properties were a menace to the community, and if so, whether the properties should be cleaned or demolished.
¶ 3. On February 24, 2010, the clerk issued a notice of a public hearing to Vaz-zana, notifying him that a hearing would be held at the city council’s chambers on March 16, 2010, at 4:00 p.m. to make a final determination as to the disposition of the properties. A public hearing was held as scheduled on March 16. Vazzana was present at the hearing, and he acknowledged that he had been personally served with the notice of the hearing. At the March 16 hearing, the city council addressed all four properties, and on that same day, entered a resolution concerning each property.
¶ 4. The city council determined that the properties located at 308 Central Street and 248 Poplar Street were in such a condition as to be a menace to the public health and the safety of the community. It was ordered that the city would have the grass and weeds cut, cleaned, and sprayed, and all trash and debris removed from these properties. The actual cost of cleaning and cutting the lots, plus a twenty-five percent penalty, was to be assessed against Vazzana.
¶ 5. The city council also determined that the property located at 242 South Poplar Street was in such condition as to be a menace to the public health and the safety of the community. This property was partially burned in a fire on August 11, 2009. The city council allowed Vazzana two weeks to show substantial improvement on demolition and lot cleaning, and Vazzana was to report back to the city council. If Vazzana failed to do so, the city was to have the structure demolished; the grass and weeds cut, cleaned, and sprayed; and all trash and debris removed from the property. The actual cost of cleaning and cutting the lot, plus a twenty-five percent penalty, was to be assessed against Vazzana.
*1105 ¶ 6. An inspection report dated February 9, 2010, indicated that the property located at 242 South Poplar Street was dilapidated and that ninety percent of the structure was damaged by fire. This report also indicated several structural defects, including: defective sills, piers, porch, rafters, and sheeting; sagging and unsound floors, walls, and roof; and broken windows. The report also listed several plumbing issues: defective fixtures; missing fixtures; poor ventilation; and no restroom privacy. Electrical problems consisted of the following: unsafe wiring; unsafe switch box; and bad service entrance. Sanitation and health conditions were present, including: inadequate or unsafe heating; building unfit for human habitation; and excessive Utter and debris on the premises. Further, the electrical, water, and gas services were disconnected. Finally, the report noted the following: “Entire building was burned to the ground. All of the debris is still at the location. It is hazardous to the community and also an eyesore to this community.”
¶ 7. The city council further determined that the property located at 228 South Poplar Street was in such condition as to be a menace to the public health and the safety of the community. It was ordered that the city would have the structure demolished; the grass and weeds cut, cleaned, and sprayed; and all trash and debris removed from the property. The actual cost of demohtion, cleaning, and cutting the lot, plus a twenty-five percent penalty, was to be assessed against Vazza-na.
¶ 8. On March 26, 2010, Vazzana appealed the city council’s decision to the Washington County Circuit Court. On September 20, 2011, the circuit court entered an order and opinion affirming the city council’s decision. The circuit court found that Vazzana had proper notice, and it noted Vazzana’s appearance and participation at the hearing. The circuit court further found that city council’s decision concerning the four properties was supported by substantial evidence.
DISCUSSION
¶ 9. “The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency’s scope or powers; or violated the constitutional or statutory rights of the aggrieved party.” Van Meter v. City of Greenwood, 724 So.2d 925, 927 (¶ 6) (Miss.Ct.App.1998) (quoting Bd. of Law Enforcement v. Butler; 672 So.2d 1196, 1199 (Miss.1996)). “Substantial evidence has been defined as ‘such relevant evidence as reasonable minds might accept as adequate to support a conclusion’ or to put it simply, more than a ‘mere scintilla’ of evidence.” Id. at 927-28 (¶ 6) (quoting Johnson v. Ferguson, 485 So.2d 1191, 1195 (Miss.1983)).
I. Whether Vazzana received insufficient notice of the hearing.
¶ 10. Vazzana claims that he was only given one day’s notice of the hearing. Mississippi Code Annotated section 21-19-11 (Supp.2012) states:
(1) To determine whether property or parcel of land located within a municipality is in such a state of uncleanliness as to be a menace to the public health, safety and welfare of the community, a governing authority of any municipality shall conduct a hearing, on its own motion, or upon the receipt of a petition signed by a majority of the residents residing within four hundred (400) feet of any property or parcel of land alleged to be in need of the cleaning. Notice shall be provided to the property owner by:
*1106 (a) United States mail two (2) weeks before the date of the hearing mailed to the address of the subject property and to the address where the ad valo-rem tax notice for such property is sent by the office charged with collecting ad valorem tax; and
(b) Posting notice for at least two (2) weeks before the date of a hearing on the property or parcel of land alleged to be in need of cleaning and at city hall or another place in the municipality where such notices are posted.
(Emphasis added).
¶ 11. In the case before us, the record shows that on February 24, 2010, the clerk issued a notice of a public hearing to Vaz-zana, notifying him that a hearing would be held at the city council’s chambers on March 16, 2010, at 4:00 p.m. to make a final determination as to the disposition of the properties. A public hearing was in fact held on March 16, 2010, beginning at 4:00 p.m. Vazzana was present at the hearing, and he acknowledged that he had been personally served with the notice of the hearing. In fact, Vazzana actively participated in the hearing. Therefore, this issue is without merit.
II. Whether the city council’s actions were arbitrary and capricious.
¶ 12. Under this assignment of error, Vazzana argues that the city council’s actions were arbitrary and capricious. Under Mississippi law, an act is arbitrary when “it is not done according to reason or judgment, but depending on the will alone.” Valley Road Action Comm. v. Lauderdale Cnty. Bd. of Supervisors, 97 So.3d 1242, 1246 (¶ 12) (Miss.Ct.App.2012) (quoting Hall v. City of Ridgeland, 37 So.3d 25, 36 (¶ 33) (Miss.2010)). “An act is capricious if ‘done without reason, in a whimsical manner, implying either a lack of understanding or a disregard for the surrounding facts and settled controlling principles.’ ” Id. (quoting Hall, 37 So.3d at 36 (¶ 33)).
¶ 13. Vazzana relies on the following city ordinance to support his position that he can have trash on his property as long as he has a fence around the property:
Where a C-3, Central Business District borders on a residential district, except where separated by a street, but where it abuts on an alley as defined in this Ordinance, a fence shall be erected on the side and rear lot lines abutting a residence and/or residential district. The fence shall consist of wood, brick and/or concrete to hide storage, trash bins and/or receptacles, service yards, equipment, refuse, garbage, trash, etc.
However, this ordinance does not permit Vazzana to maintain his property in violation of Mississippi Code Annotated section 21-19-11, our menace statute.
¶ 14. Further, we cannot say that the city council’s actions were arbitrary or capricious. Vazzana admitted that his yards were messy. Further, he states in his appellant’s brief that he has been a “compulsive collector of collectibles” for forty-five years and has stored these items on his properties. At the hearing, Vazzana failed to present any evidence to show that his properties were not a menace.
¶ 15. A video of Vazzana’s property was admitted into evidence. The video clearly shows that Vazzana’s properties are a mess. There are piles of wood stacked high in the yard, vines growing all over structures, and a huge tree lying in the yard. Several windows are broken, and there are broken window panels lying in the yard. He has several old cars and a bread truck parked in the yard, none of which appear operable. The wire fence surrounding the perimeter of the yard is broken in several places. Several tires *1107 and other pieces of equipment are scattered throughout the yard. There are random items scattered and piled up outside, including an umbrella, car seat, pet carrier, gas tank, bike, cooler, bucket, baskets, hose, extension cord, and other tools. After viewing the video and the record, we cannot say that the city council’s decision was arbitrary or capricious. Therefore, we affirm.
¶ 16. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR.